MARY J. MIDDLETON ET AL. v. JOAB P. CLAUGHTON ET AL.

DESCENT AND DISTRIBUTION.    *Homestead.    Widow's vendee.    Partition.*
    *Code* 1892, § 1553.

> The provision that the homestead shall not be partitioned among
> the widow and children of a deceased owner without the widow's
> consent (code 1892, §1553), confers a purely personal right
> upon the widow, which does not pass to a grantee of her inter-
> est in the property.

FROM the chancery court of Franklin county.

HON. WILLIAM C. MARTIN, Chancellor.

Claughton and others, now appellees, were complainants in
the court below, Mary J. Middleton and others, appellants, were
defendants there; the appellants demurred to the bill of com-
plaint; their demurrer was overruled in the court below, and
they appealed to the supreme court. The facts averred in the
bill are stated in the opinion of the court.

The section of the code construed is in the following words:

"1553. *Exempt property not to be partitioned in certain
cases.*—Where a decedent leaves a widow, to whom, with others,
his exempt property, real and personal, descends, the same shall
not be subject to partition, or sale for partition, during her
widowhood, so long as it is occupied or used by the widow,
unless she consent."

*Cassedy & Cassedy,* and *A. C. McNair,* for appellants.

By § 1551 of the annotated code the property, real and
personal, exempted by law from sale under execution or attach-
ment descends to the widow and children of the decedent as
tenants in common; so the appellees, the widow and appellant,
Mrs. Middleton, were tenants in common of the land. But
§ 1553 of the annotated code provides that where a decedent
leaves a widow to whom, with others, his exempt property, real

and personal, descends, the same shall not be subject to parti-
tion, or sale for partition, during her widowhood so long as it
is occupied or used by the widow, unless she consents.    It will
be observed that it is not averred in the bill either that she has
ceased to use the property or that she had consented to the
partition, the only contingencies mentioned in the statute that
would subject it to partition. Clearly under this statute her
ceasing to occupy it would not render it liable to partition, but
before such a result can be brought about, she must cease both
to occupy and use it.    The uses to which she may devote it to
subserve effectually the manifest purpose of the provision, that
is for her support and maintenance, is not specified or men-
tioned, and must necessarily be left to her discretion and judg-
ment.    One of the modes of use would be to rent it and subsist
upon the rents and profits, and in the exercise of this right
necessarily it must be left to her to determine the length of time
for which it should be leased, subject to but one limitation, and
that her widowhood.

In the present case the widow determined that the most ad-
vantageous way to use the property to subserve the purpose for
which the right was conferred was to dispose of her whole term,
and though it is said she did this by deed, the form of the in-
strument could not defeat the purpose, but would convey to the
purchaser the interest in or claim to the land that she actually
possessed, and would be as effective as though it had been a
lease in form for and during the entire term of her widowhood.

In view of the public policy of statutes of this character, as
well as the settled rule of construction giving full effect, not
only to the letter of the statute, but its spirit as well, we claim
that the statute (§ 1553) not only prohibits partition in the
state of case named, but enlarges the right of the widow beyond
that of the owner and head of the family.    While his right to
the homestead exemption is preserved only by occupancy, the
widow's may be by use without occupancy, thus creating a right
and interest in the land peculiar to her, for while as to the fee

she holds with the children as tenants in common, as to the right to use, she holds exclusively during her widowhood. The beneficial interest in the land is thus preserved to her to be by her devoted to her support and maintenance. The mode of use best calculated to secure to her a living out of the property is necessarily left to her judgment during the term of her widowhood. Thus construed, the manifest intention of the legislature would be carried into practical effect, and her assignee would occupy with reference to the land the same position she occupied.

*Pintard & Ratliff,* for appellees.

There is no life estate created in the widow with right to dispose of it. She can make no disposition of the property to the exclusion of her cotenants; neither has she the exclusive right to the estate during her widowhood to the detriment of the other tenants in common. If it had been intended that the widow should have the right to exclusive control of the exempt property, to dispose of at her pleasure, the statute would have so declared in plain terms. Making the widow and children tenants in common, with no restriction on their rights as such, except as to partition, etc., gave to each a right to occupy and use the property, the right of each being equal to that of any other of the tenants in common, just as tenants in common hold any other property. The restriction from partition or sale for division of the proceeds is a simple statutory command to hold as tenants in common; its object is the protection of the widow, and gives to her a home so long as she remains unmarried and occupies or uses the premises.

If the widow marry, or if she no longer occupies or uses it, the estate would immediately be subject to partition. Does the widow in this case occupy or use the property? The bill alleges that in October, 1898, she sold her entire interest in the property, and removed therefrom. The purchaser became a tenant in common with the children of the deceased husband. So far as he is concerned he is a stranger, and no homestead rights could be conveyed to him.

Woods, C. J., delivered the opinion of the court.

The bill for partition filed by appellees alleges these facts: W. T. P. Claughton died intestate in August, 1898, leaving a widow, Mrs. A. G. Claughton, and six children by a former marriage. At the date of the death of the intestate, the lands of which partition is sought were occupied by him as his homestead. The widow, in the month of October following her husband's death, conveyed by deed to A. M. Middleton, one of the respondents, all of her right, title, and interest in the lands, and the widow thereupon removed from the premises and ceased to own or occupy the same. A. M. Middleton, who is the husband of a daughter of W. T. P. Claughton, deceased, which daughter is the other defendant herein, and his wife, are the owners of an undivided two-sevenths interest in the lands; and the defendants have collected the cotton stipulated to be paid as rents for a portion of the lands, under a contract of lease for the year 1898, made by W. T. P. Claughton, the intestate, in his lifetime. The prayer of the bill is for a sale for partition, the allegation being that the land is insusceptible of partition in kind, and for an accounting for the proceeds of the rent cotton.

The respondents demurred to the bill, and, for principal cause, assign that partition could not be had against the widow herself, and that the respondent, A. M. Middleton, by his conveyance from the widow acquired all her rights, and, therefore, that partition cannot be had against him. The demurrer also raised the question of the liability of respondents to account for the rent collected by them.

The demurrer was by the court below overruled, and respondents appeal from the court's action in the matter.

Under § 1551, code of 1892, "the property, real and personal, exempted by law from sale under execution or attachment, shall, on the death of the husband or wife owning it, descend to the survivor of them, and the children of decedent, as tenants in common." Under § 1553, same code, "where a

decedent leaves a widow to whom, with others, his exempt prop-erty, real and personal, descends, the same shall not be subject to partition or sale for partition, during her widowhood, so long as it is occupied or used by the widow, unless she consents."

Clearly the lands involved in this suit descended to the widow and children of the deceased, W. T. P. Claughton, as tenants in common, and with all the rights in them as tenants in common, with this limitation upon the right to partition, viz., the estate descended "shall not be subject to partition or sale for partition during her widowhood, so long as it is occupied or used by the widow, unless she consents." The estate in common may be partitioned without the consent of the widow in two events; first, if she remarry, and, second, if during her widowhood she shall cease to occupy or use the descended estate.

The demurrer admits that the widow has parted with her interest in the lands, and has removed from them. She con-fessedly does not occupy them. Does she use them? She cer-tainly does not use the lands, for she has by deed conveyed all her interest in them, has removed from them, and has no right to occupy or use them.

It is argued by counsel for appellants that the widow, though tenant in common of the fee with the children of the decedent, has the right to the exclusive use of the entire estate during her widowhood, and that she might lease the entire premises during the whole term of her widowhood. This position may be sound, or it may not be. We are not called upon to determine it, for it is not before us. The widow in the case before us is not claim-ing the exclusive use of the entire property, nor is she claiming to have leased the property for any term. She has sold and con-veyed her interest in the lands, and no longer occupies or uses them. Doubtless her vendee occupies and uses the premises con-veyed to him, and doubtless the widow uses the proceeds of the sale of the lands, but that is not a use of the lands themselves.

The protection of the statute was designed for the widow, but not for her vendee.

Entertaining this view, it follows that the chancery court has jurisdiction of the whole controversy, and may order an accounting between the parties as to the rents alleged to have been collected.

*The decree of the court below is affirmed, with leave to respondents to answer within thirty days after mandate filed in that court.*