CLAUDIA STEVENS ET AL. *v.* ELLA J. WILBOURN.

[41 South. Rep., 66.]

1. HOMESTEADS. *Widow. Rights of. Code* 1892, § 1553.

     Under code 1892, § 1553, so providing, the exempt homestead of a decedent who left a widow is not subject to partition, without her consent, during her widowhood and occupancy or use of the same; and she is entitled to occupy or use it, free of rent, so long as she remains unmarried.

2. SAME. *Municipalities. Value. Area.*

     In municipalities homesteads are measured by value, unaffected by area.

FROM the chancery court of, first district, Yallabusha county. HON. JULIAN C. WILSON, Chancellor.

Mrs. Stevens, the appellant, was complainant in the court below; Mrs. Wilbourn, the appellee, was defendant there. From a decree in favor of defendant, complainant appealed to the supreme court.

One James M. Wilbourn died, leaving him surviving as his heirs his widow, Mrs. Ella J. Wilbourn, the appellee, and two children, Mrs. Claudia Stevens, the appellant, and Willis E. Wilbourn, both of whom were children of a former marriage, and who were adults at the time of the death of their father. At the time of decedent's death he owned a homestead within the corporate limits of the village of Tillatoba, consisting of one hundred and eighty-two acres of land, worth less than $2,000. The other land which he left was without the corporate limits of the village, and was not adjacent to the homestead. His estate, both real and personal, was duly administered, his lands other than the homestead divided among his heirs, his widow taking her share. The homestead was occupied or used by the widow under the circumstances next to be mentioned. The appellant, Mrs. Stevens, afterwards filed the bill in this case, claiming that she was tenant

in common in the homestead with the widow and her brother, and alleging that the widow had leased the homestead to tenants, and praying that a receiver be appointed to take charge of the premises, and that an accounting of all receipts and disbursements be made, and that she be awarded her share of the rents and profits of the homestead. Mrs. Wilbourn's answer admitted that she had leased some parts of the homestead, but had reserved a room in the house for herself. She made her answer a cross-bill, and prayed an injunction against Mrs. Stevens and Willis E. Wilbourn, enjoining them from the use and occupation of any part of the homestead, and from any interference with the tenants working thereon. The injunction was granted. A motion to dissolve the injunction was made and overruled. The appellant claimed, among other things, that the homestead, although in the village, could not exceed in area one hundred and sixty acres.

*I. T. Blount,* for appellant.

By sec. 1551 of the annotated code, lands of a decedent descend to the widow and children as tenants in common. This applies alike to all the lands.

By sec. 1553, the homestead may not be partitioned during the use or occupancy by the widow, so long as it is occupied by her, unless she consent.

The question here presented, and for the present it seems to be the only question to be considered, is the effect of these statutes. on the rights of parties to this suit.

It is not contended by Mrs. Stevens that she can prevent the widow from the use and occupancy as a tenant in common with her, of her homestead rights, but her right to the exclusive use and occupancy of the homestead, whatever that may be, and to the utter exclusion of complainant, is denied and challenged,. and on this question we ask a specific declaration by the court.

In *Middleton* v. *Claughton,* 77 Miss., 131 (s.c., 24 South. Rep., 963), this question being under discussion, the court had this section of law under consideration, and a casual

reading of the opinion delivered in that case points to the
conclusion that the court intended to decide that the widow, to
the exclusion of the children, is entitled to the homestead exemp-
tion, but my contention is that this court did not intend, nor did
it so declare, but that it is expressly decided that she takes as a
child does, by descent, an equal share of the fee, but cannot be
compelled to partition or account for the user so long as it is occu-
pied or used by her.    And in the latter part of this decision, on
page 559, the opinion says: "The widow who is entitled to pro-
tection herself is left as head of a family and is as the husband
was entitled to undisturbed use and occupation during her wid-
owhood and ownership of her share."

Keeping in mind the object and purposes of exemption laws
and the attitude which the courts have in construing exemption
clauses we are forced to the conclusion, that in all the decisions,
including the last above mentioned, the court intended to construe
this section for the benefit of the exemptionists.

In deciding this question this court should carefully consider
the principle involved and the effects of holding the law to
be as contended by appellee.    If it is the law in Mississippi that
the widow is entitled to the full and exclusive use of the home-
stead, and can evict the children of her husband from the
premises, it follows that if a man who has a number of children,
minors or what not, should marry a young woman in his old age
(which is nearer the rule than the exception), and he should die
leaving her without children (also the rule and not the excep-
tion), she can at once drive the children away from the home-
stead, use and occupy it and enjoy the rents and profits, leaving
the children without a home or any means of sustenance.    This
certainly was not the intention of the law makers.

*Stone & Stone,* for appellee.

It is not denied that the lands of a decedent descend to the
widow and children as tenants in common; with these restric-
tions, however, with reference to the homestead: The widow has

the right to the exclusive and undisturbed use and occupation of the homestead during her life or widowhood, and the other tenants in common have no right to an accounting for such user, nor to force a partition of the homestead. This is clearly settled by Code 1892, § § 1971, 1551, 1553, and the recent case of *Martin v. Martin,* 84 Miss., 533 (s.c., 36 South. Rep., 523). We fail to see how any doubt can arise as to this question of the widow's rights having been settled by that case. In the opinion the court distinctly referred to the question mentioned in *Middleton* v. *Claughton,* 77 Miss., 131 (s.c., 24 South. Rep., 963), that is, whether or not the widow has the right to the exclusive use of the entire estate during her widowhood, and then proceeds distinctly and unequivocally to answer the question in the affirmative. This conclusion was dimly foreshadowed in *Middleton* v. *Claughton,* but was not announced in that opinion for the good reason that the case did not present the question. This rule with reference to the rights of a widow in the homestead never had a more just or equitable application than in the case at bar.

As to the construction of Code 1892, § 1971, holding that the urban exemptionist is not limited to one hundred and sixty acres, but the limitation of value only applies, we say: The words of the statute are plain, and in *Fitzgerald* v. *Rees,* 67 Miss., 473 (s.c., 7 South. Rep., 34), where a review of this subject became necessary, this court, speaking through Justice COOPER, gives a splendid history of the legislation on the subject of exemptions, and shows how the two statutes came into existence, one for the rural, and the other for the urban exemption, and in effect declares that the two are not to be considered together. Since 1865 there has never been a limitation of acreage on the urban homestead. From 1865 to 1871 there was no limitation of value on the rural homestead. In 1871 the legislature added a limitation of value to the rural homestead, without making any change whatever in the urban homestead. In the case at bar we

contend for the urban homestead of one hundred and eighty-two acres, the value of it being less than two thousand dollars.

CALHOON, J., delivered the opinion of the court.

We adhere to the decision in *Martin* v. *Martin,* 84 Miss., 533 (36 South. Rep., 523), and it carries this case. The chancellor was right in overruling the motion of appellant to dissolve the injunction granted on the cross-bill of appellee on the pleadings and agreed evidence. So much we say on the point of the right of the widow to the undisturbed possession of the homestead.

On the other point made, we say that in towns and villages the homestead is measured by its value, not exceeding, as in this case, $2,000, and is unaffected by territorial extent.

*Affirmed and remanded.*