## TISER ET AL. *v.* McCAIN ET AL.

[74 South. 660, Division B.]

1. PARTITION. *Exempt property of decedent. Use by widow. Statute.*
   Under section 1659, Code 1906, providing that "where a decedent leaves a widow to whom, with others, his exempt property, real and personal, descends, the same shall not be subject to partition or sale for partition during her widowhood, as long as it is occupied "or used by the widow, unless she consents," the words "or used" following the words "so long as it is occupied" clearly intend that it is not necessary for the property to be physically occupied, but so long as the income of the property is used for the support of the widow, whether she be residing upon the property or not, that the property cannot be partitioned without her consent.

2. PARTITION. *Exempt property of decedent. Consent of widow.*
   There are two methods of partition in this case, one by written agreement where the parties are all adults, and the other by proceeding under statute in the chancery court; and until one of these methods has been used and the property divided, the widow is not bound by a consent not obtained for a valuable consideration, but at any time may withdraw her consent, provided some element of 'estoppel does not intervene.

3. PARTITION. *Exempt property of decedent. "Use by widow."*
   Where an heir of a decedent as administrator, without any authority as such, leased exempt property descending to deceased's

widow and others, which under Code 1906, section 1659, so long
as occupied by, or used by her, could not be partitioned without
her consent. Such a lease could only be treated as valid on the
theory of its being from the heirs as such, so that the tenant's
possession must be treated as the widow's as well as the other
heirs' possession; and hence the property did not cease to be
used by the widow within the meaning of the statute.

Appeal from the chancery court of Sunflower county.
Hon. E. N. Thomas, Chancellor.

Suit by Joe Tiser and others against John E. McCain
and others for partition. From a decree denying par-
tition, complainants appeal.

The facts are fully stated in the opinion of the court.

*Chapman & Johnson,* for appellant.

The interest of the widow in the homestead after
the death of her husband owning it is an estate, and
it is no longer governed by the laws creating and
governing homestead exemptions, but by the statutes
of descent and distribution. The homestead, as it ex-
isted at the time of the death of the husband owning
it, is the homestead which descends to his widow and
heirs as tenants in common and which the widow, under
section 1659 of the Code, is entitled to occupy or use
without partition or sale during her widowhood. As is
said in *Wiseman* v. *Parker, Administrator,* 73 Miss.
378, the widow had "no title nor any vested interest in
the lands of her husband during his life, and at his
death, by legal devolution, there was cast upon her
and her minor children the homestead of the husband."

"She took this homestead precisely as the husband
left it, and was without power to make a selection of
a homestead under section 1972, Code of 1892. This
right to select by a statutory declaration belongs solely
to the owner of the lands. If the husband had, during
his life, selected the homestead, the wife would be con-
fined to that selection."

A widow has no right to select or create a homestead in the lands of her husband, but takes the homestead as he left it at his death. What the appellee here, Mrs. Nancy McCain, attempted to do, was to move upon the property sought to be divided and occupy it and claim it as her homestead, thus creating a homestead in it—selecting a homestead in the lands of her deceased husband—although it has previously been abandoned by her and was, at the time, subject to partition.

We are also cognizant of and do not dispute the rule that so long as the widow, remaining a widow, continues to occupy or use the homestead which, has descended to her, jointly with others, it cannot be divided or sold for partition by the heirs, without her consent, regardless of its value. This has been repeatedly held by the supreme court, and we now refer to the line of decisions so holding, some of which were cited by appellees in the court below and relied on by them; how they have any bearing on the case at bar we have been unable to discover because the points involved and decided in them are entirely foreign to the question here presented; we mention them only because they were contributory to the obfuscation of the issue. They are: *Martin* v. *Martin,* 84 Miss. 553; *Moody* v. *Moody,* 86 Miss. 323; *Stevens* v. *Wilburn,* 88 Miss. 514; *Dickerson* v. *Leslie,* 94 Miss. 627; *Tally* v. *Tally,* 66 So. 300.

None of these cases decide, or even discuss, the question before the court, but all do hold that the rights of the widow under section 1659 of the Code are conditioned upon her remaining a widow and occupying or using the homestead.

The widow, then, having an estate, as we say, in the homestead property owned by her husband in his lifetime, it becomes necessary to inquire whether that is true, and if so, what is the nature of that estate. Under section 1657 of the Mississippi Code of 1906, the real property exempted by law from sale under execution or attachment, on the death of the husband descends to the

widow and the children and grandchildren of the decedent as tenants in common, grandchildren inheriting their deceased parent's share. The widow, therefore, acquires a child's share in fee simple, but in addition thereto, by section 1659 of the Code, she acquires a life estate in the entire homestead, subject to be defeated only by her re-marriage or by her ceasing to occupy or use the property. The widow is a life tenant in the whole exempt estate, subject to be divested of all but a child's part in fee by the conditions subsequent, to wit: marriage or ceasing to use or occupy the premises. She takes a defeasible life estate, remainder in fee to the heirs of her husband; the life estate in the entire homestead is subject to be defeated by her marriage or by abandonment of the premises with *animo non revertendi.* The estate is a particular estate, certain to terminate, but uncertain as to the time, with a reversion in the heirs of the deceased husband; the particular estate is carved out of the general estate and is determined on contingency of re-marriage or cessation of occupation or use. Upon the happening of the contingencies or condition mentioned in the statute, the rights of the heirs immediately accrue and become vested and no subsequent act of the widow can interfere with or defeat them. *Acker, Administrator,* v. *Trueland,* 56 Miss. 30; *McCaleb* v. *Burnett,* 55 Miss. 83; *Hardin et al.* v. *Osborne,* 43 Miss. 532, at page 537; *Birmingham* v. *Birmingham,* 53 Miss. 610.

In 1882 the statute found in section 1659 of the Code was, for the first time enacted in substantially the same form as it now appears. Chapter 82 of the Laws of 1882, page 112, provides that section 1277, chapter 47, of the Revised Code of 1880, be amended by adding to said section the following, to wit: "Provided, that the exempt property mentioned in this section shall not be subject to partition or sale by any court in this state, so long as the same is occupied or used by the widow during her widowhood."

While the question of the nature of the estate taken by the widow under that act and the right of the children to a partition immediately on the happening of one of the conditions therein named was not passed upon in the case of *Hopper et al.* v. *Hopper et al.,* 2 Miss. 641, yet, the court in its opinion, impliedly recognized that by the act, the children were divested of their rights as co-owners of the exempt property to have a partition of it only until the happening of a future contingency.

Let us now pass to the decisions of some of the courts of last resort of other states that have construed statutes creating the same kind of an estate as that created by section 1659 of the Mississippi Code. Section 1707 of the Kentucky statutes provides:

"The homestead shall be for the use of the widow so long as she occupies the same, and the unmarried infant children of the husband shall be entitled to a joint occupancy with her until the youngest unmarried child arrives at full age; but the termination of the widow's occupancy shall not affect the right of the children. But said land may be sold subject to the right of said widow and children if a sale is necessary to pay the debts of the husband." *Moss et al.* v. *Smith,* 68 S. W. 533; *Bloch* v. *Tarrents' Adm'r., et al.,* 91 S. W. 275.

In conclusion, therefore, we say that by section 1659 of the Mississippi Code of 1906, the widow has a contingent life estate in the homestead of her deceased husband, subject to be defeated by her remarriage or by her ceasing to occupy or use it; immediately upon the life estate being defeated, the right of the heirs to divide the property accrues, and nothing that the widow can then do can revest her with the life estate given her by the statute, but after the happening of any of the contingencies on which the life estate is held, she is entitled only to a child's part in fee in the property.

We respectfully submit that the learned chancellor erred and that this cause should be reversed and remanded.

*Thomas S. Owen,* for appellees. ·

Section 1659 of the Mississippi Code of 1906, reads as follows: ''Where a decedent leaves a widow to whom, with others, his exempt property, real and personal, descends, the same shall not be subject to partition or sale for partition, during her widowhood, as long as it is occupied or used by the widow, unless she consent.''

The section quoted is plain and really needs no further construction by this court since it has been repeatedly construed in the decisions which we shall quote hereafter. It is undisputed that at the time of the filing of this bill the widow was temporarily absent from the premises and refused to consent to the partition of the land. It is also undisputed that she moved on to the land in the fall of 1913, and in 1914 and 1915 was occupying is as her homestead and denying the rights of the complainants to have it partitioned. She not only was not consenting, but was contesting their rights. The decisions of other states afford very little help in deciding this question since it is a statute possibly peculiar to Mississippi, and one that has been construed most liberally in favor of the widow who objects to the partition.

It is said that, because she verbally consented at the time when her husband's corpse was in the house, and when she was crazed with grief and incapable of doing anything she could not afterwards withdraw this consent.

In *Trotter* v. *Dobbs,* 38 Miss. 198, the exemptionist was not married at the time of the rendition of the judgment; that execution was issued on the judgment and on the very day of the sheriff's sale under the execution. Dobbs married and moved on the land before the sale took place, and continued in occupation of the land, and the court held that, although the land might not have been exempt at the time of the rendition of the judgment, still it was exempt at the time of the making

of the sale and, therefore the sale was void. This same opinion is cited with approval by the court in *Irvin* v. *Lewis,* 50 Miss. 363, and in the last case the facts were, that at the time of the rendition of the judgment the exemptionist was not married but after · the rendition of the judgment execution was issued on the 22nd day of March, 1871, and in April 1871, before the sale, he married and moved on the land, and the court held that the fact that he was married and living on the land at the time governed and not what was a fact when the suit was brought. *Letchford* v. *Cary,* 52 Miss. 791; *Jones* v. *Hart,* 62 Miss. 15; *Campbell* v. *Adair, Adm'r.,* 45 Miss. 170; *Wilcher* v. *Thompson,* 12 So. 828; *Hand* v. *Wynne,* 52 Miss. 784; *Thompson* v. *Tilloson,* 56 Miss. 36; *Moore* v. *Bradfor,* 70 Miss. 70.

The right of the heirs, or others, to force partition has been so fully settled by this court that it is not necessary to enter into a discussion of the matter further than to refer to two decisions which settle the question once and for all in Mississippi. *Moody* v. *Moody,* 86 Miss. 223; *Dixon* v. *Leslie,* 47 So. 659.

In conclusion, we contend: First that Mrs. McCain, as shown by the evidence, was temporarily absent from the property; Second, that if she ever consented to the partition if was verbally discussing it at the death of her husband when she did not know or contemplate the full force of what the father of the appellant was trying to have done. We may say just here, that it seems strange to us that the father of the appellant should undertake at such an inopportune time to discuss business matters with the widow whom he should have been undertaking to console rather than coax into an agreement to convey his sons property; Third, that, altho she may have left with the intention to abandon the premises, if she changed her mind before partition and moved onto the premises and brought herself under the class designated by the statute to preserve it as exempt property, that would prevent the partition;

Fourth, the fact that she was residing on the property, at the time she filed her answer, resided there during the year 1914, and has continued to reside there as her homestead, would preclude the complainants from having the relief prayed for.

The decisions which govern this case, we think are cited above, and we refer the court to these decisions without burdening it with lengthy quotations from the decisions. It seems to us, that this is such a plain proposition that a statement of the case will decide it without reference to the decisions.

ETHRIDGE, J., delivered the opinion of the court.

C. D. McCain died intestate in Sunflower county, Miss., seised and possessed of one hundred and sixty acres of land which was occupied by him at the time of his death as a homestead. Shortly after his death his widow moved off the premises and into another county where her father lived, and J. E. McCain, one of the defendants who had administered on the estate of C. D. McCain, undertook to lease the premises in question as administrator for a term of five years. Some time during the year of the death of the deceased the widow returned to the premises and took up her residence thereon. The complainants filed a bill in chancery court for partition in August, 1913, in which the widow and other of the heirs were made defendants, stating that the widow had abandoned the homestead by moving away, and also setting up that she had agreed, shortly after the time of the death of her husband, to a partition of the homestead. The widow was made defendant, and answered with the other defendants, claiming that she was entitled to use and occupy the homestead during her widowhood, and that she was unmarried and did not have any other property or homestead. The complainants introduced the father of Joe Tiser and some other witnesses, who testified that she, at the

time of the death of the husband, stated that she could not live on the premises, and that she never expected to live on the premises, and had expressed a willingness to have the property divided. It is also shown in proof that J. E. McCain was an adult who lived off of the homestead, and that Joe McCain, a minor son, was at the time in college. There was no written agreement with reference to a partition and no state of facts showing that there was any consideration for any agreement to waive the widow's right, nor any element of estoppel by which any party had been mislead to his injury in dealing with the property. Section 1657, Code of 1906, provides that the exempt property shall, on the death of the husband or wife owning it, descend to the survivor of them and the children or grandchildren of the decedent as tenants in common, the children and grandchildren to take the place of their deceased parent, who would, if living, have been heir to the property, and provides that where the surviving husband or wife shall own a place of residence equal in value to the homestead of the decedent and the deceased husband or wife have not surviving children or grandchildren by last marriage, but have children or grandchildren of a former marriage, in such case the homestead shall descend to the surviving children and grandchildren by such former marriage. There is no pretense here that the widow had another homestead or property equal in value to the homestead of the deceased. Section 1659 of the Code reads as follows:

"Where a decedent leaves a widow to whom, with others, his exempt property, real and personal, descends, the same shall not be subject to partition or sale for partition during her widowhood, as long as it is occupied or used by the widow, unless she consent."

This section has heretofore been interpreted as requiring a liberal construction in favor of widow's rights. See *Dickerson* v. *Leslie,* 94 Miss. 627, 47 So. 659, and *Moody* v. *Moody,* 86 Miss. 323, 38 So. 322. Giv-

ing the statute a liberal construction for the purpose
for which it was enacted, we think it manifest that the
partition suit in this case cannot be maintained. The
object of the statute was to provide a home and a
means of support for the widow to prevent her becom-
ing a public charge or becoming a wanderer on the face
of the earth without means of livelihood or place of
abode, except such as might be offered her by others.
The words "or used," following the words "so long
as it is occupied," clearly intend that it is not necessary
for the property to be physically occupied, but, so long
as the income of the property is used for the support
of the widow, whether she be residing upon the property
or not that the property cannot be partitioned without
her consent. There are two methods of partition in this
state, one by written agreement where the parties are all
adults, and the other by proceeding under statute in
the chancery court; and, until one of these methods
has been used and the property divided, the widow is
not bound by a consent not obtained for a valuable
consideration, but at any time may withdraw her con-
sent, provided some element of estoppel does not inter-
vene. The circumstances under which the alleged con-
sent was obtained in this case was not only without val-
uable consideration, but was obtained under such circum-
stances as it would be impossible to hold her to such al-
leged consent without doing violence to the public policy
founded on the statute. The record shows that the par-
ties began to discuss this question with the widow before
the burial of the deceased after his death and at a time
when she was overwhelmed with grief and had not had
time or opportunity of considering the question and of
investigating her rights.

In addition to this we think the possession of the ten-
ant must be treated as her possession of the other heirs.
At the time the administrator undertook to lease the
place as administrator, he was an heir, but had ab-
solutely no authority as administrator to make a lease,

113 Miss.—50

and the lease made as administrator, being void for
this reason, can only be treated as a valid lease from the
heirs as such.   Certainly a tenant in possession by an
arrangement with one of the heirs would be treated as
holding possession for all of the heirs, so the property
did not, at any time cease to be used by the widow
within the meaning of the statute.   The chancellor evi-
dently had this view, and the judgment is affirmed.

*Affirmed.*