MIERS *v.* MIERS.

(Division B. March 23, 1931.)

[133 So. 133. No. 29309.]

**W. T. Knox** and **V. D. Rowe,** both of Winona, for appellant.

**J. W. Conger**, of Winona, for appellee.

Argued orally by **W. T. Knox** and **V. D. Rowe,** for appellant, and by **J. W. Conger,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee's husband, A. J. Miers, a resident of Montgomery county, died on January 27, 1929, leaving a homestead consisting of eighty acres of land of the value of one thousand five hundred seventy-five dollars. Decedent had no personal property of any character, nor any other real estate. There survived him the widow, now more than sixty years of age, and five children, all adults. The widow applied for, and was granted, a year's allowance in the sum of four hundred dollars, and there being no money or other property out of which to pay the allowance, it was ordered by the court that the lands constituting the homestead should be sold to make said allowance, the said sale to be subject, however, to the homestead rights of the widow in said lands; that is to say, that the right of the widow to the occupancy or use of said homestead land during her life or widowhood should not be affected by said sale.

The question is whether the homestead may be sold to pay the year's allowance. It is a new question in this state and, so far as we can find, has been squarely decided in only one case in other states, namely, in Hadsall v. Hadsall, 82 Neb. 587, 118 N. W. 331, 333, wherein

the answer was in the negative. In that case and under statutes apparently similar to ours the court said: "Under our statutes the homestead cannot be taken into account in administering the estate of a deceased person. So far as administration of a decedent's estate is concerned, it is as though the homestead property never belonged to the decedent."

Appellee relies on the case In re Estate of Tittel, 139 Cal. 149, 72 P. 909, but that case is distinguished by the court in the Nebraska case, supra, and is shown not to be in point. Appellee also cites several Georgia cases, among them being Cook v. Cook, 138 Ga. 88, 74 S. E. 795, 796, but that case holds that "a widow, who is the sole beneficiary of a homestead which was taken by her husband during his lifetime, after his death is not entitled to hold the homestead and at the same time take a year's support and dower in the same land," and this seems to be more nearly the case here before us. An examination of all the Georgia cases on the subject discloses that under the laws of that state a widow may take a year's support out of the homestead, if within the allowance in value, and may have the homestead set over to her in discharge or in part discharge of her said year's allowance, but that when this is done the property loses its exempt character as a homestead and becomes liable for her debts. Lowe v. Webb, 85 Ga. 731, 11 S. E. 845; Miller v. Crozier, 105 Ga. 54, 31 S. E. 122; Green v. Hambrick, 118 Ga. 569, 45 S. E. 420. This is sufficient to show that the jurisprudence of that state in relation to the subject in hand is different from ours to the extent that no substantial aid can be derived from their cases.

The sections of our statutes which deal with the matter of the year's allowance are sections 1654, 1656, 1664, and 1667, Code 1930, and what are assets of an estate are enumerated in section 1643, said Code. Under the language of these sections it would appear, at first view, that personal property rather than realty was in the

legislative mind in providing for the said allowance, and so the courts hold in a majority of the states, 1 Woerner, Law of Administration (3 Ed.), section 91; but, in view of the general expressions in several of our own cases, we are not prepared now to so limit the allowance, and besides that exact question is not before us. Suffice it to say now that although the privilege or exemption of a year's support is a claim of the highest dignity, First Nat. Bank v. Donald, 112 Miss. 681, 73 So. 723, it is not higher than that of the homestead. The year's support, however, is of a temporary nature, while the homestead is designed as a permanent protection and support so long as the family exists, and the family, in the eyes of the homestead law, continues to exist so long as the widow lives and remains a widow, sections 1412 and 1766, Code 1930; wherefore we must hold that the year's allowance cannot impinge upon the homestead.

But it is urged that the decree here does not impinge upon the homestead rights, since the sale was expressly ordered to be made subject to those rights. Unless the letter and the context of the law otherwise require, statutes must be so construed that their operation shall be consistent and practical. We will suppose the case of a widow of less than middle age, with children of tender years. The life expectancy of the widow is, say, thirty years. Who other than the widow herself could bid more than a pittance, if anything at all, on a small homestead, subject to such a length of years of a dominant estate and use? And if the widow buy in the homestead, it would serve no rational purpose towards raising her year's support, except to enable her thereupon to sell it, freed of the interest of the heirs at law, to divest it of the character of a homestead; and then when the small amount realized is spent, the children would be without a home. All must admit, as we take it, that no such result is within the contemplation or allowance of the law, in a case such as stated. If it be not the

law in such a case, then the principle, being general, runs to all cases within it, including the case such as is here at bar. There will, of course, be an occasional case of isolation or ill health where it would be better to sell the homestead and move the family to a more advantageous location, but such cases can be met, for instance, by partition on the prayer or with the consent of the widow, and where the adjudication will not be ex parte, but all those in interest and to be affected will be made parties, and will have the right to be heard, and where the proceedings shall be under the watchful care of the chancellor at every step taken.

We are of the opinion, therefore, that the homestead is not subject to sale to make the year's allowance, and in that respect the decree of the chancery court is reversed and vacated. The decree is correct, however, in all other respects and particularly in the allowance to the widow of the rent for 1929. Being entitled to the use and occupancy of the homestead, she is in consequence entitled to the rents thereof, and will so continue during her life or widowhood, unless she shall in the future otherwise elect and consent.

The costs of this appeal, and of the trial of this cause in the chancery court, will be divided between the parties, each being taxed with one-half thereof.

Affirmed in part, and in part reversed.