LACKEY *v.* HARRINGTON *et al.*

(Division B.  Jan. 18, 1932.  Suggestion of Error Overruled Feb. 1,
1932.)

[139 So. 313.  No. 29720.]

**Wynn & Hafter,** of Greenville, for appellant.

Percy Bell, of Greenville, for appellees.

**Ethridge, P. J.**, delivered the opinion of the court.

This cause was tried in the county court on an agreed statement of facts as follows:

"It is agreed by and between the parties to the above styled cause, that the facts pertinent to said cause are as follows, to-wit: That the petitioner herein, R. P. Lackey, is a resident of Washington County, Mississippi, and over twenty-one years of age; that the defendant, Emma or Minnie Harrington, is a resident of Washington county, Mississippi, and has been decreed to be of insufficient mentality to transact business; that the defendants, Mary Elizabeth Harrington and Thomas Harrington, are nonresidents of the state of Mississippi, and that their last known address was St. Louis, Missouri, and that their street address is unknown to the petitioner, the said petitioner having exercised due diligence to ascertain said street address; that your

petitioner and the defendants are joint owners by virtue of a final decree in the case of Minnie Harrington et al. v. R. P. Lackey et al., rendered in the chancery court of Washington county, Mississippi, at the October, 1930, term, of the following described property, situated in the city of Greenville, county of Washington, state of Mississippi, to-wit: The south fifty (50) feet of lot three (3) and four (4) in block eleven (11) of the third (3rd) addition to said city, and that, by virtue of said final decree, your petitioner owns an undivided one-fourth interest in said property; and that each of the defendants herein own an undivided interest, one-fourth interest, in said property, the three-fourths (¾) interest having been redeemed from said tax sale under said decree. That the petitioner herein, R. P. Lackey, is the vendee of one D. Seward, who purchased the whole of the above described property at the tax sale held by the sheriff of Washington county on the 5th day of April, 1926, the taxes on said property for the year 1925 not having been paid; and that the title purchased by the said D. Seward at said tax sale matured in said D. Seward. That Emma or Minnie Harrington is the widow of Thomas Harrington, and with her children, inherited the property in question from her said husband, and that it constitutes and is her only home. That she is not willing for it to be divided or partitioned or sold for partition. That she has no other home, and is now living in said home, having moved into said home after the petitioner herein had taken peaceable possession, under his tax deed; said property, at the time petitioner took possession, having been occupied by a tenant of said Emma or Minnie Harrington, who moved at the petitioner's request. That Emma or Minnie Harrington is unwilling to allow the petitioner to continue to live in said house; and that he is, at the present, and has been since she returned to said

house, living there against her wishes and over her protest.''

There is presented for decision the question as to whether section 1412, Code of 1930, applies to a suit where a purchaser at a tax sale acquires an undivided interest as against a widow and her right to occupy the property during her widowhood, the purchaser at such tax sale not being a descendant or heir of the deceased owner.

Section 1412, Code of 1930, reads as follows:

''Exempt property not to be partitioned in certain cases.—Where a decedent leaves a widow to whom, with others, his exempt property, real and personal, descends, the same shall not be subject to partition or sale for partition during her widowhood, as long as it is occupied or used by the widow, unless she consent.''

The widow, having redeemed the property so far as it affects her rights, has title against the other tenants to occupy same as a homestead, so long as she remains a widow, regardless of the source from which the title of the cotenants is derived. The statute giving the widow the right to occupy the homestead during her widowhood is to be liberally construed, and serves a beneficial public purpose.

We will not ingraft any exceptions upon the statute impairing the widow's rights. It is true that property is not exempt from taxation, and a sale for taxes, where valid and unredeemed for the statutory period, will confer title to a homestead. But, where the widow redeems her interest in the property, as she may do, she acquires, through such redemption, the full right conferred by the statute.

The county court having so held, and the judgment of the county court having been affirmed by the circuit court on appeal, the judgment is affirmed.

Affirmed.