MEDFORD *et al. v.* MATHIS.

(Division B.   June 1, 1936.)

[168 So. 607.   No. 32298.]

**Orma R. Smith,** of Corinth, for appellants.

Ely B. Mitchell, of Corinth, for appellee.

Argued orally by **Ely B. Mitchell,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

Abraham Medford died intestate on March 5, 1911, owning at the time a homestead of one hundred sixty acres, and also some other adjoining land. He was survived by his wife and ten children. The widow has continued to occupy the homestead. One of the questions raised is whether a widow occupying and using the exempt homestead of her deceased husband is liable personally and primarily for the payment of the ad valorem taxes assessed against the homestead property.

The statute conferring this right of occupancy and use, section 1412, Code 1930, reads as follows: "Where a de-

cedent leaves a widow to whom, with others, his exempt property, real and personal, descends, the same shall not be subject to partition or sale for partition during her widowhood, as long as it is occupied or used by the widow, unless she consent.",

The briefs for both sides evidence more than ordinary diligence and industry, but no case directly in point upon the stated question is cited; nor have we been able to find such a case upon an independent search. We are obliged, therefore, to adjudicate the question, reasoning from general principles. We are of the opinion that the estate or right or interest vested by the quoted statute in the widow is more nearly analogous to a life estate than to any other to which it may be likened. She has the right to occupy and use the homestead during her life, provided she remain a widow, and she has, of course, the right to remain a widow. We hold, therefore, that the obligation of a widow in such case in respect to the payment of ad valorem taxes upon the property is the same as that of a life tenant; and it is well settled that a life tenant in possession enjoying the income of the property must pay the ordinary taxes, save under exceptional circumstances, none of which latter have been shown to have existed in this case. See 21 C. J., pp. 955-957; 17 R. C. L., pp. 636, 637.

On July 14, 1916, one of the heirs at law of Abraham Medford, to wit, Dovie Medford Miles, joined by her husband, conveyed to appellee, by deed, absolute in form, her undivided one-eleventh interest in the lands inherited from the said father. The said Dovie Medford Miles thereafter died intestate leaving as her heirs at law her husband and her three children. The heirs at law of Dovie Medford Mills were not joined as parties to the bill of complainant in this case, and no steps were taken in the manner required by law to show that they were necessary parties. But some of the other cotenants, brothers and sisters of Dovie Medford Miles, who are parties to the suit, sought to raise the question

that the deed aforesaid, although absolute in form, was in fact intended as a mortgage, and a considerable portion of the briefs is devoted to a discussion of this supposed issue.

We are of the opinion that such an issue was not properly before the court. A tenant in common of an undivided interest in real estate has the right to convey that interest to a third person, without let or hindrance by the other tenants in common. It follows that whether a deed by one tenant in common to a third person is a deed absolute or only a mortgage is a question with which the other tenants have no legal concern. It further follows that there must come into operation upon this point the elemental principle of procedure, "that no party shall be entitled to interpose a test or objection except the particular party who is affected by the matter which the test or objection would challenge." Griffith Miss. Chan. Pr., secs. 81 and 585.

There are other questions argued at length by appellants, but these are upon issues respecting which the law is well settled, and which, therefore, in the last analysis require a review of the findings of fact by the chancellor. In all those findings his decree is sustained by reasonable and believable substantial evidence, not overwhelmingly disputed; wherefore under familiar rules, we are without authority to interfere.

· Affirmed.