## BOHN v. BOHN.

(In Banc. Jan. 12, 1942. Suggestion of Error Overruled Feb. 23, 1942.)

[5 So. (2d) 429. No. 34766.]

**Gardner, Backstrom & Gardner,** of Gulfport, for appellant.

J. F. Galloway, of Gulfport, for appellant.

Mize, Thompson & Mize and Jo Drake Arrington, all of Gulfport, for appellee.

Argued orally by **J. F. Galloway**, for appellant, and by **Jo Drake Arrington**, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Appellee is the widow and appellant is the son of H. N. Bohn, deceased. The widow filed her bill to compel an accounting for rents upon such part of the homestead as had been occupied, over her protest, by appellant. The suit was transferred to the circuit court, and the declaration sought reasonable rental of such portion so occupied, and ejectment. A peremptory instruction upon the issue of liability was granted to the widow, and judgment for rents and for ejectment was entered upon the verdict of the jury.

The question immediately presented is whether a widow over sixty years of age is entitled to the exclusive

use and occupancy of the homestead during her life as against other adult heirs of the deceased owner thereof. Appellant's contention, carefully elaborated, that the widow and children inherit in equal parts the homestead property as tenants in common, needs no support. The narrow inquiry is the extent of the widow's rights therein during her life, or otherwise expressed, the right of the other heirs during this period.

Since the Code of 1892 and under Code of 1930, Sections 1410 and 1412, the widow takes a child's part in the fee with the right of undisturbed possession or use of the homestead during her lifetime. This change did not restrict, but enlarged the rights of the widow. What then is the extent of her rights in the homestead during her life? This inquiry necessarily involves an examination of the rights of the other heirs as tenants in common. Ordinarily, tenants in common are seized per my et per tout and the right of possession is in common. Yet, if the heirs were permitted to exercise their rights of possession as against the homestead, the widow could never enjoy its ''undisturbed use and possession.'' If each was allowed to receive his share of the rents and profits during the life of the widow, she would receive no more than a child's part and Section 1412 would be rendered futile. If the homestead cannot be partitioned during the widow's life, it would be inconsistent to allow the profits or rents from the homestead to be so divided. Martin v. Martin, 84 Miss. 553, 36 So. 523; Moody v. Moody, 86 Miss. 323, 38 So. 322; Stevens v. Wilbourn, 88 Miss. 514, 41 So. 66; Miers v. Miers, 160 Miss. 746, 133 So. 133.

To what extent must it be undisturbed? In the instant case, involving a two-story homestead property, the appellant, together with his own family, is in possession of the entire lower floor and part of the second floor. Assuming the existence of equal rights of possession and the presence of adult children, each could make equal claims, attaining results which would pass beyond ab-

surdity into cruelty. Were the home a modest one-room hovel, three children could, by demanding each his respective corner, relegate the widow to the remaining and least desirable nook, there to ponder the havoc wrought through the mockery of a statute which, despite its beneficent assurances, had been found inadequate to stem the tide of dismemberment. To continue, in the face of this section, to define a common interest in terms of a common right of possession and use is to denude the section of any purpose or efficacy. The plain truth is that the incidents of cotenancy involve disadvantages to which the law was unwilling for the widow to be exposed. Such conclusion is reached not by a strained, but by a literal, construction of the benefits and burdens of cotenancy, which appellants insist should still be applied. In adjudging its incompatibility with the purpose of the section, it should be sufficient to recall that where tenancies in common exist "none knoweth his own severalty and therefore they all occupy promiscuously." 2 Bl. Com. Bk., chap 12, p. 191. When it is considered, as there stated, that in such estate "no man can certainly tell which part is his own," there would be great hazard that the widow, but for our statute, would enjoy the homestead at the behest of the heirs who could, to an oppressive degree, interfere with the widow's use and enjoyment thereof. Even as the land itself may not be partitioned while she lives, neither may her use thereof be divided.

Through Section 1412 the widow does know her own severalty. Her right to occupy the homestead is definite, and if her benefits and burdens were those of cotenancy, the section need not have been enacted. Since she may occupy the homestead without accounting for rents (Martin v. Martin, supra), they may not do so. Again, since she is entitled to any rents therefrom (Miers v. Miers, supra), they are liable conversely for their use thereof.

Undisturbed possession must be defined, not in terms of the forbearance or patience of the widow, but in terms

of the legal right not to be subjected to the probability or possibility of a challenged dominion. The widow has the right to retain the homestead as it was during the husband's lifetime, by which test it is seen that she may remain its mistress even as he had been its master. Williams v. Williams, 111 Miss. 129, 71 So. 300; Miers v. Miers, 160 Miss. 746, 133 So. 133. The matter is not complicated by the fact that the deceased left children. Appellant, an adult business man, in far from necessitous circumstances, having purchased the interest of the sole remaining heir, is alone involved. In the first place, there are no minor nor dependent children, and next, the quoted statutes deal not with the duty but with the right of the widow. Wherefore we are not confronted with the necessity of examining to what extent the rights of appellee are modified, if at all, by any legislative purpose to conserve the property for the maintenance of the family. If, as insisted by appellant, the purpose of the statute was to preserve the homestead for the benefit and protection of the family as theretofore, it is a complete answer that none of the rights theretofore existing prior to the husband's death included the power to eject or disturb the widow or to demand either the homestead or its rentals. If Section 1412 could be so read as to vouchsafe to the heirs an inch of privilege, it would be powerless to restrain invasion short of the mile of actual ouster. When viewed in the light of its effect upon the right of enjoyment which the statute seeks to conserve for the appellee, there has already been a virtual partition and an actual ouster pro tanto. If, as is seen in Martin v. Martin, 84 Miss. 553, 36 So. 523, 524, the widow "cannot be compelled to partite or account for the user so long as it is 'occupied or used' by her," it must follow that others who so use or occupy it may be made to account to her. Since she is entitled to the use or the rents therefrom, the use may not be taken by others, even the heirs, without liability for the rents. This construction

is not merely forecasted by the following cases, but their obvious import has been accepted by repeated reenactment of Section 1553, Code 1892. Martin v. Martin, 84 Miss. 553, 36 So. 523; Moody v. Moody, supra; Stevens v. Wilbourn, supra; Dickerson v. Leslie, 94 Miss. 627, 47 So. 659; Williams v. Williams, supra; Tiser v. McCain, 113 Miss. 776, 74 So. 660; Miers v. Miers, supra; Lackey v. Harrington, 162 Miss. 512, 139 So. 313; Medford v. Mathis, 176 Miss. 188, 168 So. 607. In this connection, Stevens v. Wilbourn, supra, is particularly notable in sustaining the right of the widow to an injunction restraining her two adult children from the use and occupation of any part of the homestead.

Many of our cases deal with the immunity of the homestead to sale or disturbance under the claims of creditors. Such charitable protection is dictated by the same considerations which should exempt it from a similar calamity at the hands of the heirs. It is not conceivable that a disruption of the widow's use of the homestead as a haven or for subsistence could be less painful or distressing if accomplished at the hands of members of her own family. As stated in Moody v. Moody, supra, the rights of the widow are absolute, and "she cannot be called on to account for the use and occupancy, nor forced to purchase the rights of her cotenants." [86 Miss. 323, 38 So. 323.] The implication is inescapable that the cotenants cannot charge her for her use of the homestead, and one reason why they can neither partition it nor compel her to "buy them off" is because during her lifetime they have no present estate therein to sell. Since they have none, she has all.

The partition prohibited by Section 1412 is not a mere record identification of the several interests therein without an assertion by the coparceners of their respective rights. It means an actual division of title with the right of possession thereunder. The extent of the respective interests is fixed by Section 1410. The extent to

which such interests may be asserted is limited by Section 1412. The right of the widow has the attributes and incidents of a life estate (Medford v. Mathis, 176 Miss. 188, 168 So. 607), and the other heirs are vested with a future estate which takes effect in possession at the termination of the preceding estate or interest. 26 Am. Jur. "Homestead," Sec. 169, p. 106. The status of cotenancy is recognized, but the usual rights thereunder are made subordinate to the widow's right of use and occupancy during her life. In line with the purpose of the statute, the immunity from partition, being personal to the widow, is not extended to her grantee. Middleton v. Claughton, 77 Miss. 131, 24 So. 963.

Although this is the most important contention presented, we have carefully examined all other assignments of error and find that they are not well taken. The peremptory instruction granted to appellee was proper, and the damages by way of rentals are not unreasonable.

Affirmed.