## GRESHAM *v.* CLARK, et al.

No. 40488          May 13, 1957          95 So. 2d 234

*O. B. Triplett, Jr.,* Forest, for appellant.

*Laurel G. Weir,* Philadelphia, for appellee, G. L. Clark.

*W. T. Weir,* Philadelphia, for appellee, Mrs. Mattie Clark.

LEE, J.

Frank Gresham filed his bill of complaint against Mrs. Mattie Clark and G. L. Clark for the partition of two hundred and four acres of land, as described therein. Title was shown out of the government and into H. D. Clark, who died intestate, leaving as his surviving heirs his widow, Mrs. Mattie Clark, one daughter, Iris Clark, and one son, G. L. Clark. It was alleged that Iris Clark conveyed her one-third interest to G. L. Clark, and that Mrs. Mattie Clark likewise conveyed her one-third interest to G. L. Clark by the following instrument:

"STATE OF MISSISSIPPI
"SCOTT COUNTY

"In Consideration of Ten dollars and other valuable consideration, the receipt of which is hereby acknowledged, I, Mrs. Mattie Clark, widow of H. D. Clark, convey and warrant specially unto G. L. Clark, my undivided one-third interest in the land in Scott County, Mississippi, described as: (Describing the 204 acres of land)

RESERVING unto myself for the remainder of my natural lifetime a life estate in all of said lands.

Witness my signature, this 8 day of January, 1950."

That thereafter G. L. Clark conveyed a one-half interest therein to Mrs. Lucille Clark, and that she conveyed her one-half interest to the complainant.

The bill charged that the complainant is the owner of a one-half interest in the land, free of any life estate, and that G. L. Clark is the owner of the remaining one-half interest, burdened with a life estate upon a one-third interest in the entire tract or with a life estate on two-

thirds of the one-half interest of G. L. Clark, which is owned by Mrs. Mattie Clark. It was further charged that the complainant was entitled to a partition of the lands, but because of the life estate, the lands were not susceptible of partition in kind; but that it was for the best interest of all parties that the value of the life estate of Mrs. Clark should be determined and that the property should be sold and one-half of the proceeds should be paid to the complainant, and that the other half should be divided between Mrs. Clark and G. L. Clark, as their interest might be determined.

Mrs. Clark filed an answer, denying that the complainant was entitled to partition, but admitting that the land could be partited in kind. She claimed all of her rights by reason of the reservation during her lifetime, and in addition, alleged that a part of this land was the homestead of H. D. Clark, and that she, as his widow, has resided on and occupied the land, and was doing so under her rights as a widow of the decedent. She also filed a demurrer.

It was stipulated that Mrs. Mattie Clark has resided upon the land, as described in the conveyance set out above, since the death of her husband; that she asserts her homestead rights therein in accordance with the law, and she owns no other land; and that the complainant paid a valuable consideration for his deed, and had no notice of the defendant's rights except such as were given by the public records of the county and the deed referred tho above. No evidence was offered.

The court, in a written opinion, dated July 26, 1956, held that the reservation of a life estate did not mention homestead rights, and that such conveyance in no way affected Mrs. Clark's rights as a widow to use and occupy the land during her widowhood; that she does not consent to the partition, and has not waived, abandoned or forfeited her rights as a widow to the use of the exempt property. The opinion further said that ''Forty-four

acres perhaps could be partited. However, the stipulation of fact does not go far enough and there was no proof.''

On September 3, 1956, a decree pro confesso was granted against G. L. Clark, who was summoned in the manner and for the time required by law and who failed to answer.

On September 4, 1956, the final decree, as entered, recited that the cause came on for hearing upon bill of complaint, decree proconfesso against G. L. Clark, the answer of Mrs. Mattie Clark, and upon stipulation of counsel as to the evidence, and that no testimony or evidence was taken by the court reporter, and the bill was therefore dismissed with prejudice.

Appellant contends that he is the owner of an indefeasible fee simple title to a one-half interest in this land, and that he is entitled, under Section 961, Code of 1942, as amended by Chapter 317, Laws of 1946, to have the same set apart from the claim of a life tenant; that Mrs. Clark by her deed consented to a sale of the whole two hundred and four acres and simply reserved an estate not during her widowhood but for life; that her continued occupancy did not constitute notice to him of a claim inconsistent with her one-third interest; and that at all events the court was in error in dismissing his bill with prejudice, especially as to G. L. Clark.

Section 961, Volume 1A Recompiled, Code of 1942 Annotated, has no application to this case.

Section 478 of the above volume of the Code does apply. The first sentence thereof is as follows: ''Where a decedent leaves a widow to whom, with others, his exempt property, real and personal, descends, the same shall not be subject to partition or sale for partition during her widowhood, as long as it is occupied or used by the widow, unless she consent.'' The quoted provision has been a statute of this State for many years. See Section

1553, Code of 1892; Section 1659, Code of 1906; Section 1412, Code of 1930.

Mrs. Clark is still a widow. She has continued to occupy and use this property since her husband's death. She sold only her undivided one-third interest therein, and expressly reserved a life estate in all of the land. She did not thereby consent, nor has she consented, to a partition or sale. On the contrary, she expressly objects thereto. In the instrument in question she neither waived nor attempted to dispose of her homestead rights as a surviving widow. See Talley v. Talley, 108 Miss. 84, 66 So. 328. One hundred and sixty acres of this land is exempt property, not susceptible of partition over her objection. But actually she has a life estate which covers all of the property.

The case of Bohn v. Bohn, 193 Miss. 122, 5 So. 2d 429, held that, while the status of cotenancy between the surviving widow and children in the homestead is recognized, the actual rights thereunder are made subject to the widow's right of use and occupancy during her widowhood. For that period her cotenants have no present estate therein to sell. Since they have none, she has all. Her right has the attributes and incidents of a life estate, and the other heirs are vested with a future estate which takes effect in possession at the termination of the preceding estate or interest.

Consequently the exempt property cannot be partited over the objection of Mrs. Clark in violation of her homestead rights as a widow.

The chancellor indicated that he might have power to grant some relief with reference to the forty-four acres in excess of the exempt property; but no proof was tendered which would enable him to do whatever he thought he might do. Lack of proof was the fault of the complainant. But be that as it may, he ought not to lose such rights, if any, which he has against G. L. Clark, or to have this decision contrued as res judicata of such

rights. To that end, the decree will be modified here so as to provide that the bill of complaint is dismissed with prejudice insofar as the homestead rights of Mrs. Mattie Clark to the exempt property was concerned; and as modified, the decree will be affirmed.

Affirmed as modified.

*McGehee, C. J., Roberds, Holmes* and *Ethridge, JJ.,* concur.