PER CURIAM.
On December 2, 1973, Frank Banks, Sr. died intestate seized of one hundred one (101) acres of land in Amite County. He and his wife, Pheletus Banks, had been married more than forty years and on his death he left as his heirs his widow and six children by a former marriage. On February 23, 1974, the widow conveyed her undivided one-seventh (Vrth) interest in the property to Hosea Sanders and Bobbie Lee Turner Sanders, reserving a life estate. After the death of her husband, the widow at all times exercised her homestead rights and had full use and occupation of the entire property.
On May 16, 1977, the widow and her remaindermen filed their bill for partition of land, seeking to have the property partit-ed in kind and prayed that their joint interest be set aside to include the family home situated on the property. The remaining six heirs were named as parties defendant.
The defendants filed a demurrer which was overruled, and after a trial on the merits, the chancellor divided the land into seven parcels. He assigned each heir one parcel, adjusted the equities by requiring complainants to pay owelty and granted the complainants the parcel which included the family home. No error was assigned as to the manner in which the property was divided.
In fact, the only error assigned by the appellants, the children of Banks, is that the chancellor erred in overruling their demurrer in that the partition sought by the appellees “was not authorized or contemplated” by section 11-21-3 Mississippi Code Annotated (1972), which reads:
Partition of land held by joint tenants, tenants in common, or coparceners, having an estate in possession or a right of possession and not in reversion or remainder, whether the joint interest be in the free-hold or in a term of years not less than five, may be made by decree of the chancery court of that county in which the lands or some part thereof, are situated; or, if the lands be held by devise or descent, the division may be ordered by the chancery court of the county in which the will was probated or letters of administration granted, although none of the lands be in that county.
However, any person owning an indefeasible fee simple title to an undivided interest in land may procure a partition of said land and have the interest of such person set apart in fee simple free from the claims of life or other tenants, re-maindermen or reversioners, provided the life or other tenants, and other known living persons having an interest in the lands, are made defendants if they do not join in the proceeding as complainants or petitioners.
*1365 The statute provides that the life tenant and remaindermen may “join in the proceeding as complainants or petitioners.” For the first time we are asked to decide whether the statute allows the joinder of a life estate and the remaindermen to create an estate authorized to institute a suit in partition. In short, does such a joinder create an “indefeasible fee simple title to an undivided interest in land?” We conclude that it does for the reasons hereafter stated and affirm the lower court.
Section 91-1 — 23 Mississippi Code Annotated (1972) provides that exempt property shall not be subject to partition or sale for partition as long as it is occupied or used by the widow or widower of a decedent, unless the widow or widower consents to the partition. We held in Medford et al. v. Mathis, 176 Miss. 188, 168 So. 607 (1936) that the estate or right or interest vested by the above statute in the widow is more nearly analogous to a life estate than to any other to which it may be likened. She has the right to occupy and use the homestead during her life, provided she remain a widow, and she has, of course, the right to remain a widow.
In Gresham v. Clark, 231 Miss. 206, 95 So.2d 234 (1957) a widow inherited an undivided one-third interest in the homestead of her deceased husband. She conveyed her undivided one-third (%rd) interest and reserved a life estate. The Court held that the exempt property could not be partited over the objection of the widow and the other heirs were vested with a future estate which took effect in possession at the termination of her preceding estate.
In Bohn v. Bohn, 193 Miss. 122, 5 So.2d 429, appeal dismissed 316 U.S. 646, 62 S.Ct. 1283, 86 L.Ed. 1730 (1942) we held that the right of a widow in a homestead has the attributes and incidents of a life estate, and the other heirs are vested with a future interest which takes effect in possession at the termination of the preceding estate or interest.
Therefore, when Mrs. Banks conveyed her undivided one-seventh (Vith) interest in the fee she thereby retained her homestead in the entire tract (101 acres) plus a life estate in an undivided one-seventh (Vith) interest in the entire property. Her homestead rights would terminate on her remarriage, but her life estate would not terminate until her death. Her grantees and the six children of Frank Banks, Sr. were then vested with a future estate which would take effect in possession at the termination of her preceding estate.
When the widow joined in the bill for partition she thereby consented to a partition of the land in which she held a homestead interest. She could not ask for a partition and, at the same time, retain her homestead interest and did not attempt to do this. She was entitled to a life estate in only the parcel set apart to her and her grantees, and by joining in the partition suit, she waived her homestead rights in the six (6) parcels allotted to the defendants.
When the widow and her remaindermen joined in a bill for partition, they held between them an indefeasible fee simple title to an undivided one-seventh CAth) interest in the property. This satisfied the requirements of section 11-21-3 Mississippi Code Annotated (1972) that a petition for partition be brought by the owner of an “indefeasible interest to an undivided interest in land.” 134 A.L.R. 678.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.