CAROLINE L. DICKERSON ET AL. v. FRANCES L. LESLIE.

[47 South. 659.]

1. HOMESTEAD. *Widow's right. Other heirs. Code* 1906, § 1659. *Partition.*

The widow is entitled, under Code 1906, § 1659, so providing, as against his other heirs, to occupy the exempt homestead of her deceased husband during her widowhood and a partition thereof in the absence of her consent will not be granted irrespective of its value.

2. SAME. *Code* 1906, § 2146. *Value limit.*

The provisions of Code 1906, § 2146, exempting a homestead from execution, in so far as they limit its value to a sum not exceeding three thousand dollars, have no application to a controversy between the widow and the other heirs of a deceased homesteader touching her right to occupy the premises and defeat partition.

FROM the chancery court of Bolivar county.

HON. PERCY BELL, Chancellor.

Mrs. Dickerson and others, appellants, were complainants in the court below; Mrs. Leslie, appellee, was defendant there.

From a decree in defendant's favor on the controverted points the complainants appealed to the supreme court.

George W. Leslie, deceased, was the owner in his lifetime of a plantation in Bolivar county, Miss., comprising nine hundred acres of land. On the tract there was a dwelling house, barns, etc., such as are usually found on plantations. Leslie died owing no debts, and left surviving him three children by a prior marriage, the appellants, and a widow, the appellee, by whom he had no children. Appellants, began this suit for partition of the land between the heirs of the decedent in proportion to their respective interests after allotting to the widow and children as tenants in common a tract of land as a homestead in accordance with Code 1906, § 2151, which is as follows:

"The homestead of every citizen entitled to such an exemption, who shall not select or who has improperly selected his homestead by declaration, is designated as follows, viz.: A tract of land in the form of first, a square; or second, a parallelogram if practical, and composed, if practicable, of continuous parcels, and including the dwelling-house, and, if practicable, the other principal buildings, and not to exceed one hundred and sixty acres in area, nor three thousand dollars in value. And in all cases where the homestead may be composed of detached parcels of land, it shall be made up of those nearest the forty-acre or other less tract containing the dwelling-house."

The appellee answered the bill, contending that it was the duty of the court in directing the allotment of the homestead to set apart a tract of land containing the dwelling-house, and consisting of one hundred and sixty acres, regardless of the value thereof, and that she should have the use and occupancy of the same during her widowhood, and that the remainder of the estate of the decedent only should be partitioned. The court below rendered a decree directing the allotment of the homestead in accordance with the contention of the appellee; the decree directing as follows: "And thereupon the said commissioners

shall allot and set apart to the defendant, Frances H. Leslie, widow of George W. Leslie, deceased, as the homestead of the decedent, George W. Leslie, mentioned in the original bill of complaint on file herein, the homestead as follows, to wit: A tract of land in the form of, first, a square; or, second, a parallelogram, if practicable, and composed, if practicable, of contiguous parcels, and including the dwelling house, and, if practicable, the other principal outbuildings, the same equaling in area one hundred and sixty acre."

The appellants made in writing the following objections to the decree of the chancellor: "The complainants herein object and except to so much of this decree as directs that the homestead, which the commissioners are directed to allot, shall consist of one hundred and sixty acres, designated in the manner therein stated, instead of directing, as provided by the statute, that the said homestead so to be allotted by the said commissioners shall, as provided by law, 'not exceed one hundred and sixty acres in area, nor three thousand dollars in value.' "

The question involved was whether the homestead to be allotted to the widow should be limited in value to $3,000, under Code 1906, § 2146, on the subject of exemptions, or was she entitled to the use and occupancy of the homestead under Code 1906, § 1659, during her widowhood, regardless of its value?

The two sections are as follows:

"2146. Every citizen of this state, male and female, being a householder and having a family, shall be entitled to hold exempt from seizure or sale, under execution or attachment, the land and buildings owned and occupied as a residence by him or her, but the quantity of land shall not exceed one hundred and sixty acres, nor the value thereof, inclusive of improvements    *    *    the sum of $3,000."

"1659. Where a decedent leaves a widow, to whom, with others, his exempt property, real and personal descends, same shall not be subject to partition, or sale for partition during her widowhood, as long as it is occupied or used by the widow, until she consent."

*J. W. Cutrer,* for appellants.

The instruction of the court to the commissioners how to make the selection of the homestead, is not in accordance with the law of the state.

The law lays down the manner in which homesteads shall be selected when not selected by the exemptionist, and under no circumstances should commissioners be instructed to make that selection of homestead in any other manner than as provided by law.

Code 1906, § 2151, provides a definite rule applicable in all cases where a prior valid selection for any cause, shall not have been made by an exemptionist before his death. No matter what rule may be made applicable in any other cases, or under any other circumstances, in the state of case exemplified by the statute, no different or variant rule can be made to operate or apply.

Under the code, the two precedent requisites of the homestead to be selected, are made conditional upon practicability.

The third and fourth upon area, not exceeding a certain value. Under no circumstances can any of these requisites or limitations be ignored.

The law defines what the homestead is. The law states most emphatically and positively that the tract of land shall not exceed one hundred and sixty acres in area, nor three thousand dollars in value. Why, in designating the homestead in the present case, the limitation as to acreage should be observed and the limitation as to value ignored and disregarded, is without reason.

Why prevailing stress should be placed on the limitation of one hundred and sixty acres in area, while that upon value is read out of the statute is absolutely beyond comprehension. The legislature of the state has stated just as positively that the homestead shall not exceed three thousand dollars in value, as it has that it should not exceed one hundred and sixty acres in area. It cannot be contended that more than one hundred and

sixty acres can be set apart as a homestead, should one hundred and sixty acres be less in value than three thousand dollars.

Then it is beyond the reach of logic to prove that there is any greater or controlling reason for allotting a homestead that exceeds three thousand dollars in value, in order only that it may contain one hundred and sixty acres? This peculiar statute contains a positive negation of any such right in this court. "Nor," in the statute follows immediately after the fixing of the maximum area, and limits that area that may be so selected to a maximum valuation not exceeding three thousand dollars.

The precise questions involved and dependent upon this statute have never been before, nor directly determined by this court.

Indeed, it is impossible to see why a statute so plain, so positive, so mandatory can be made the subject-matter of litigation, or why it is that the same was in any manner disregarded by the court below in giving instructions under its terms for the allotment of the homestead in this case.

In delivering the opinion of the court in the case of *Wiseman v. Parker,* 73 Miss. 378, Justice WOODS says:

"The only absolute requirements (of a homestead) are that the land shall not exceed one hundred and sixty acres in area, *nor two thousand dollars in value,* and that the tract allotted shall include the dwelling house." There it is plainly shown that this court attaches as much importance to the limitation as to value as to that of area.

In *Lewis v. White,* 69 Miss. 352, we find this statement in the opinion of the court: "The claim to the homestead exemption in property in common, *is to be regulated and bounded, in extent and value,* just as in every other case."

The whole intention of the legislature was to secure to the citizens residing in the country the shelter of the homestead roof, and the lands contiguous thereto, mapped out and extended and circumscribed at the same time in area, and value, in the very language of the statute.

The same thing is not true as to urban exemptions and exemptionists. Necessarily the area occupied as such a homestead is exceedingly limited by reason of the locality. The very lot or small parcel occupied as a homestead might become of exceeding value. The house built upon such a lot, was and is not susceptible of division. When an exemptionist shall have selected such a lot and built a home thereon, this home should be preserved to the family. There should never arise the necessity as contemplated by section 2151 for the setting aside or selection of such a homestead.

The homestead as an entirety in existence presents and speaks for itself, "no matter how elegant and costly, be it ever so humble it is still the home."

This home as the court says, perhaps "beautiful and made attractive" by the widow she is entitled to claim for the family as exempt. This is all the court decided in the case of *Moody v. Moody,* 86 Miss. 323. The facts in that case are in no way akin to, nor do they in any way touch upon the facts and issues in this controversy.

*Henderson & Magruder,* for appellee.

Under Code 1906, § 1659, a surviving widow is entitled to occupy the homestead as it existed during the lifetime of the husband, without reference to its value, the limit of value placed by law on exempt homesteads being solely for the benefit and protection of the creditors and not affecting the rights of a surviving widow to the use and occupation of the homestead against the heirs of the deceased exemptionist. *Moody v. Moody,* 86 Miss. 323, 38 South. 322.

The limitation as to the value placed upon homesteads was for the purpose of protecting the creditors and for preventing them from being defrauded of their just rights, and was not intended to apply in the allotment of a homestead to a widow, when the estate owed no debts. "A law designed to establish a beneficent public policy must be liberally construed in order to completely effectuate the legislative purpose." Ib.

It would be both illogical and unfair to say that a widow could hold the house in a thickly populated city, the home of her deceased husband worth probably $50,000, and that the homestead of another widow in a rural district must be limited in value. Especially is this true when there are no debts against the estate of the deceased husband.

MAYES, J., delivered the opinion of the court.

This case is controlled by the case of *Moody v. Moody,* 86 Miss. 323, 38 South. 322. The only distinction between this case and that on its facts is that in the case we have under consideration the exemption claimed is of farm lands, whereas in the *Moody case* the exemption was of property lying within the limits of a city. This variation of fact does not in any sense alter the principle announced in the *Moody case.*

So apt is the language of the learned judge delivering the opinion in the *Moody case,* that we can do no better than quote it. In the *Moody case* Judge TRULY said: "The limit of value placed by law on the amount of land which can be held as exempt is solely for the protection and benefit of creditors, to prevent unreasonable amounts from being held exempt from execution, to the prejudice of those to whom just debts might be due. But the question of value has no place in the consideration of the rights of the surviving widow to the use and occupancy of the homestead. The purpose of the legislature was to protect the surviving widow, to whom, with others, the exempt property might descend, by securing to her during her widowhood the undisturbed use and occupancy thereof. A law designed to establish a beneficent public policy must be liberally construed in order to completely effectuate the legislative purpose. So we hold that the value of the homestead is not material in passing on the rights of the surviving widow under Code 1892, § 1553 (Code 1906, § 1658). She is entitled to continue to use and occupy the homestead. . . . So long as she remains a widow, her rights are absolute. She cannot be called

on to account for the use and occupancy, nor forced to purchase the rights of her cotenants; nor is the property subject to partition in kind, nor to sale for the purpose of dividing the excess of the proceeds."

We need only state in this case that no creditor's rights are in any way involved. The contest is between the widow and the heirs. We have examined every case cited by counsel for appellant, and it is our view that none of them have any application to this case. Every case cited involved the rights of creditors, and, of course, in such cases the limitation of value is not to be disregarded. We may also add that, in full view of the construction placed on the statute in question, the legislature has re-enacted it without the change of a syllable, the same becoming Code 1906, § 1659. The object of setting aside the one hundred and sixty acres of land to the widow as exempt and free from partition was to secure to her a homestead and means of support. It was thought by the legislature that this was a sufficient quantity of land to do this. It was never in the legislative mind that this one hundred and sixty acres of land should be reduced in quantity, save in one instance, and that is where the rights of creditors were involved. In such case it was the purpose of the legislature to be just before being generous; hence the provision as to value. No higher claim under the law can be propounded than the right of the widow to claim her homestead rights. No statute ever passed has a greater claim upon the court for liberal construction than this. The statute undertakes to carry out that duty which the dead husband owed to his wife, and to compel by law the duty which affection should prompt the children to freely concede.

*Affirmed.*