300 So.2d 147 (1974)
Mrs. Ida Lee HENDRY et al.
v.
J.D. HENDRY et al.
No. 47677.
Supreme Court of Mississippi.
September 9, 1974.
*148 Harold W. Melvin, Laurel, for appellants.
Thomas G. Roberts, Bay Springs, for appellees.
BROOM, Justice:
This was a cloud suit filed in the Chancery Court of the Second Judicial District of Jasper County, which resulted in a decree adverse to the appellants, who were the original complainants. We reverse.
On May 9, 1970, one of the appellants, Ida Lee Hendry, married Esmarada Hendry who owned two tracts of land. Title to a sixty-eight acre tract of land previously owned by him is in dispute. Appellees claim title to the tract of land by a purported deed to them dated July 9, 1971 from Esmarada. The deed was filed for record on September 9, 1971, on which date Esmarada died. Appellants contend that the deed is void because the land was homestead property of Esmarada, and his wife did not join with him in the conveyance.
The controlling issue is whether or not the disputed land, which was not contiguous to or adjacent to other lands upon which the dwelling house of Esmarada was situated, was homestead property. Esmarada's homestead was found by the chancellor to be only a separate forty-eight acre parcel of land, which was not contiguous to the sixty-eight acre parcel in controversy here.
Our opinion is that the chancellor was in error in holding that the disputed land was not homestead property. Undisputed testimony shows that Esmarada Hendry lived upon the forty-eight acre tract of land until his death. His 1970 application for homestead exemption, personally executed by him, included the disputed sixty-eight acre tract. Likewise, there is in the record his 1971 application for homestead exemption which also designates both parcels as homestead property and this application shows that it was executed by appellant, Ida Lee Hendry, as the wife of the deceased. The 1971 application pre-existed the deed attacked by appellants.
In several decisions this Court has held that the fact that separate property claimed as homestead property is not contiguous does not preclude it all from being homestead property. In order to be valid, the wife must sign her husband's conveyance of homestead property pursuant to the requirements of Mississippi Code Annotated section 89-1-29 (1972). Horton v. Horton, 210 Miss. 116, 48 So.2d 850 (1950). Appellees correctly point out that the deceased in this case had not made any declaration or designation of his homestead property in accordance with Mississippi Code Annotated section 85-3-25 (1972). Since the deceased had not made any such selection of designation of his homestead, designation is made by law under Mississippi Code Annotated section 85-3-31 (1972). Land so designated is not required to be of a particular shape or composed of contiguous parcels. Wiseman v. Parker, 73 Miss. 378, 19 So. 102 (1895).
The chancellor found as a fact that the deceased, Esmarada Hendry, at the time of his death resided upon the forty-eight acre tract which the court valued at $300 per acre. $12,000 was the value placed upon the dwelling house by the chancellor. He further found that the total value of this parcel of land and house was approximately $25,000, and that the forty-eight acre tract and home located thereon was the homestead of the deceased. The rule in this state is that the value of land claimed as homestead is neither to be considered nor is it material in determining the rights of a surviving widow in regard to a homestead claim. Horton v. Horton, 210 Miss. 116, 123-124, 48 So.2d 850, 852 (1950); Dickerson v. Leslie, 94 Miss. 627, 47 So. 659 (1909); Moody v. Moody, 86 Miss. 323, 38 So. 322 (1905). Homestead value is relevant only in considering the claims of creditors in relation to the homestead upon which exemption is claimed. *149 Miss. Code Ann. § 85-3-21, 85-3-31 (1972); see also, Horton, supra, Moody, supra, and Dickerson, supra.
In this case testimony of Mr. J.D. Hendry, a witness for the appellees, is quite significant. He stated that while the sixty-eight acre parcel in controversy was timberland, the other forty-eight acre tract upon which the residence was situated consisted of sixteen to eighteen acres of open land, with a dwelling house and other buildings thereon, and the remaining acres were timberlands. Thus it is obvious that both parcels of land were at least in a large measure held and used for growing timber, and therefore the use to which both tracts of land were put was basically consistent. Our decision in Horton, supra, is applicable here. Therefore, it was error for the chancellor to hold that the land in controversy was not homestead property, even though he found that the value of the other tract upon which the dwelling house was situated was approximately $25,000, or $10,000 in excess of the valuation mentioned in the homestead statute. Miss. Code Ann. § 85-3-35 (1972).
Appellees say in their brief that there was no indication or evidence in the record that any part of the sixty-eight acre tract was used for agricultural purposes. To constitute homestead land it is not necessary that rural lands actually be devoted to row crop type farming. If row crop cultivation is a prerequisite to rural lands being homestead, many aged or disabled landowners would be automatically precluded. It would be incongruous to hold that noncontiguous woodlands cannot qualify as homestead property and at the same time hold that up to one hundred sixty acres of contiguous woodlands could qualify as homestead property.
In this case creditors' rights were not involved. The record does not show, and there was no finding by the chancellor, that Mrs. Ida Lee Hendry, widow of the deceased, had abandoned or in any sense renounced her husband, who without her signature attempted to convey the sixty-eight acre tract so that title would eventually be vested in his relatives, the appellees. As held in Etheridge v. Webb, 210 Miss. 729, 50 So.2d 603 (1951), there was nothing in the case at bar to indicate that the appellant had any intent to abandon a conjugal relationship with her husband or to abandon the occupancy of the property. The deed attacked here was signed only by Esmarada Hendry without his wife's knowledge or approval. It described homestead property and is void. Appellants should have been granted a decree canceling the deed which purportedly vested title in appellees.
Reversed and rendered.
RODGERS, P.J., and SMITH, ROBERTSON and WALKER, JJ., concur.