337 So.2d 1237 (1976)
Mary Virginia STOCKETT
v.
Robert L. STOCKETT, Jr.
No. 48685.
Supreme Court of Mississippi.
June 1, 1976.
On Rehearing October 19, 1976.
Semmes Luckett, Clarksdale, for appellant.
Holcomb, Dunbar, Connell, Merkel & Tollison, Clarksdale, for appellee.
Before PATTERSON, ROBERTSON and BROOM, JJ.
ROBERTSON, Justice:
Mary Virginia Stockett, the second wife and widow of Robert L. Stockett, brought *1238 suit in the Chancery Court of Bolivar County to set aside a conveyance from her late husband to Robert L. Stockett, Jr., by which Stockett, the father, conveyed to Stockett, Jr., a son of his first marriage, 437.5 acres of land including his homestead.
The suit was brought to set aside this conveyance to the extent of a 160-acre homestead because the conveyance was made on November 25, 1964, while Stockett and his wife, Mary Virginia, were occupying and living in the residence on said land as their home, the deed having been made without the knowledge, consent or concurrence of complainant and without her signature on the deed.
Complainant also prayed that the court recognize her right to the use and occupancy of the 160-acre homestead during her widowhood, and that the transfers of the Golden Savings account on December 12, 1969, and the checking account on September 8, 1972, from individual accounts of Robert L. Stockett, to joint accounts of Robert L. Stockett and Robert L. Stockett, Jr., with full right of survivorship, be set aside "as transfers executed with the intention to defeat the rights of complainant in the estate of the late Robert L. Stockett".
The chancellor found that:
1. The conveyance of the 437.5 acres of land in Bolivar County, insofar as the 160-acre homestead was concerned, should be set aside.
2. The 160 acres constituted the homestead of Robert L. Stockett on November 25, 1964, the date of the conveyance to Robert L. Stockett, Jr.
3. The same 160 acres constituted the homestead of Robert L. Stockett at the time of his death on July 4, 1973.
4. The complainant, although the widow of Robert L. Stockett, was not entitled to the use and occupancy of the homestead during her widowhood.
5. The prayer of the complainant that the transfers of the Golden Passbook account on December 12, 1969, and the checking account on September 9, 1972, to joint accounts of Robert L. Stockett and Robert L. Stockett, Jr. be set aside, should be denied.
6. The $8,861.62 realized from the rent of the 160-acre homestead from July 4, 1973, to December 23, 1974, should be divided 1/2 to the widow, Mary Virginia Stockett, and 1/2 to Robert L. Stockett, Jr.
Findings 4 and 6 were based on this provision of Stockett's Will, which will was signed by him on August 17, 1965:
"I will, devise and bequeath all of my property, real, personal and mixed, and wheresoever situate, unto my wife, Mary Virginia Stockett and unto my son, Robert L. Stockett, Jr., to share and share alike."
The Chancellor's thought was that the widow was not entitled to the use and occupancy of the 160-acre homestead during her widowhood because she took by devise under the will and not by descent, and that by taking under the will she was entitled to only 1/2 of the net rental of the homestead.
We affirm the decree of the chancery court as to Findings 1, 2, 3 and 5. We reverse and render as to Findings 4 and 6 of the decree.
Robert L. Stockett and Mary Virginia Stockett were married on February 1, 1956. He at that time owned a 437.5 acre tract of land in Bolivar County, of which 390 acres were cultivatable. After their marriage, Stockett constructed a residence on the land and on February 4, 1960, he and his wife, Mary Virginia Stockett, moved into the residence and occupied it as their home. They continued to live in their home on the Bolivar County land from February 4, 1960, until June, 1967, during which time Stockett farmed said land. In *1239 June, 1967, Stockett and his wife, Mary Virginia, moved from their home to a rented apartment in Clarksdale, Mississippi, where they continued to live together as husband and wife until his death on July 4, 1973. In June, 1967, when they moved from their home to the apartment in Clarksdale, Stockett was 65 years of age, and his wife was 50 years of age. All of these facts were contained in a stipulation of the parties.
The statutes involved are Mississippi Code Annotated Sections 89-1-29 and 91-1-23 (1972). Section 89-1-29 provides in part:
"A conveyance, mortgage, deed of trust or other incumbrance upon a homestead exempted from execution shall not be valid or binding unless signed by the wife of the owner if he be married and living with his wife."
Section 91-1-23 provides in part:
"Where a decedent leaves a widow to whom, with others, his exempt property, real and personal, descends, the same shall not be subject to partition or sale for partition during her widowhood as long as it is occupied or used by the widow, unless she consent."
The principal contention of Stockett, Jr., cross-appellant, is that the legislature limited the 160 acre homestead to a value of $5,000 when it used this language in Section 89-1-29 "homestead exempted from execution" and "his exempt property, real and personal," in Section 91-1-23. Stockett Jr. argues that we must look to Mississippi Code Annotated Section 85-3-21 (1972) for the true meaning of this language.
Section 85-3-21 provides:
"Every citizen of this state, male or female, being a householder, and having a family, shall be entitled to hold exempt from seizure or sale, under execution or attachment, the land and buildings owned and occupied as a residence by him, or her, but the quantity of land shall not exceed one hundred and sixty acres, nor the value thereof, inclusive of improvements, save as hereinafter provided, the sum of fifteen thousand dollars ($15,000.00); provided, however, that in determining this value, existing encumbrances on such land and buildings, including taxes and all other liens, shall first be deducted from the actual value of such land and buildings. But husband or wife, widower or widow over sixty years of age, who has been an exemptionist under this section, shall not be deprived of such exemption because of not having family or not occupying the homestead." (Emphasis added).
As we see it, the flaw in this argument is that the cross-appellant ignores the entirely different intents and purposes of the legislature in enacting Sections 91-1-23 and 85-3-21.
In enacting Section 85-3-21 the legislature intended to give the owner of homestead property limited protection from the claims of creditors when it said a householder shall be entitled to hold exempt "from seizure or sale, under execution or attachment" the land and buildings owned and occupied as a home. On November 25, 1964, the date of the deed to Stockett Jr., the value was limited to $5,000. The legislature has seen fit, even as to creditors, to increase the exemption of homestead property to $15,000 above encumbrances, taxes and all other liens.
In enacting Section 91-1-23 the legislature had in mind the protection of the widow or widower from disturbance or harassment in the use or occupancy of the home during widowhood or widowerhood.
It is inevitable that at times and under the peculiar circumstances of particular cases the language used in one statute seems to impinge upon and limit the language used in another statute. It is then that the Court must dig deep into the underlying *1240 purposes of the legislature in enacting different statutes to come up with the true meaning of the language used in each statute.
Such is the situation in the case at bar. These statutes must be construed together and the purpose in enacting each of them considered and applied.
The cross-appellant contends that, in deciding Hendry v. Hendry, 300 So.2d 147 (Miss. 1974), this Court should not have considered and construed together Sections 85-3-21, 85-3-31, 85-3-35 and 89-1-29.
In Hendry, we said:
"The rule in this state is that the value of land claimed as homestead is neither to be considered nor is it material in determining the rights of a surviving widow in regard to a homestead claim. Horton v. Horton, 210 Miss. 116, 123-124, 48 So.2d 850, 852 (1950); Dickerson v. Leslie, 94 Miss. 627, 47 So. 659 (1909); Moody v. Moody, 86 Miss. 323, 38 So. 322 (1905). Homestead value is relevant only in considering the claims of creditors in relation to the homestead upon which exemption is claimed. Miss. Code Ann. § 85-3-21, 85-3-31 (1972); ..." 300 So.2d at 148-49.
We have not varied in this interpretation of these statutes since 1905 when we said, in Moody v. Moody, 86 Miss. 323, 38 So. 322:
"The limit of value placed by law on the amount of land which can be held as exempt is solely for the protection and benefit of creditors  to prevent unreasonable amounts from being held exempt from execution to the prejudice of those to whom just debts might be due. But the question of value has no place in a consideration of the rights of the surviving widow to the use and occupancy of the homestead. The purpose of the legislature was to protect the surviving widow, to whom, with others, the exempt property might descend, by securing to her during her widowhood the undisturbed use and occupancy thereof. A law designed to establish a beneficent public policy must be liberally construed, in order to completely effectuate the legislative purpose. So we hold that the value of the homestead is not material in passing on the rights of the surviving widow under section 1553 [91-1-23, 1972 Code]. She is entitled to continue to use and occupy the homestead. No matter how elegant or costly, be it ever so humble, it is still the home to her, and to it she has been granted rights which can neither be interfered with nor abridged. So long as she remains a widow, her rights are absolute. She cannot be called on to account for the use and occupancy, nor forced to purchase the rights of her co-tenants; nor is the property subject to partition in kind, nor to sale for the purpose of dividing the excess of the proceeds." 86 Miss. at 328, 38 So. at 323. [Emphasis added].
Over the past 70 years, the legislature has not seen fit to amend these statutes in any way that would reflect on or nullify our interpretation of the meaning of these statutes.
The chancellor held that the widow was not entitled to the use and occupancy of the 160-acre homestead during her widowhood because she did not renounce the will but rather took under it. He felt that since she took by devise and not by descent, that Section 91-1-23 did not apply.
This Court rather hesitantly decided this question as far back as 1959 when we said in Biggs v. Roberts, 237 Miss. 406, 115 So.2d 151:
"We do not think that it is absolutely necessary for the husband to acquire the property by inheritance in order to be entitled to claim it as a homestead. In the case of Lackey v. Harrington, 162 Miss. 512, 516, 139 So. 313, the Court said: `The widow, having redeemed the property so far as it affects her rights, *1241 has title against the other tenants to occupy same as a homestead, so long as she remains a widow, regardless of the source from which the title of the cotenants is derived. The statute giving the widow the right to occupy the homestead during her widowhood is to be liberally construed, and serves a beneficial public purpose.' The above quotation was subsequently criticised in one case but it was not withdrawn or overruled." 237 Miss. at 411, 115 So.2d at 153.
We reiterated and approved this construction and interpretation of the law in Mills v. Mills, 279 So.2d 917 (Miss. 1973).
In order to set this recurring question finally to rest, we hold that it makes not one particle of difference whether the widow or widower receives an interest in the homestead property by deed, devise or descent, she or he is still entitled, under the provisions of Section 91-1-23, to the undisturbed and peaceful use or occupancy of the homestead property during her widowhood or his widowerhood.
We hold, therefore, in this case that the widow, Mary Virginia Stockett, is entitled to the use or occupancy of the 160-acre homestead property during her widowhood. Having reached this conclusion, it follows that she is entitled to the full net rental of the homestead property during her widowhood. This net rental should not have been divided or partited between her and Robert L. Stockett, Jr.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
GILLESPIE, C.J., PATTERSON, P.J., and SMITH, SUGG, WALKER, BROOM and LEE, JJ., concur.
INZER, P.J., took no part.

ON PETITION FOR REHEARING
PATTERSON, Presiding Justice (dissenting):
The petition for rehearing has received the consideration of the Court en banc except for Justice Inzer who did not participate. The conference was of the opinion the petition for rehearing should be denied with the exception of the writer who is of the opinion that it should be sustained.
Mississippi Code Annotated section 89-1-29 (1972) provides in part:
A conveyance, mortgage, deed of trust or other incumbrance upon a homestead exempted from execution shall not be valid or binding unless signed by the wife of the owner if he be married and living with his wife... .
We have long held that a conveyance, mortgage, deed of trust or other encumbrance upon a "homestead exempted from execution" is invalid to the amount of the exemption only and that a conveyance or encumbrance of lands is pro tanto valid as to lands in excess of the limitation. Lee v. Duncan, 220 Miss. 234, 70 So.2d 615 (1954). The question arises as to the extent of the statutory exemption as it applies to this case because there is a conveyance of land in excess of the exemption.
Mississippi Code Annotated section 317 (1942) [now Section 85-3-21 (1972) with a $15,000 limitation] states the exemption to be:
Every citizen of this state, male or female, being a householder, and having a family, shall be entitled to hold exempt from seizure or sale, under execution or attachment, the land and buildings owned and occupied as a residence by him or her, but the quantity of land shall not exceed one hundred and sixty acres, nor the value thereof, inclusive of improvements, save as hereinafter provided, the sum of five thousand dollars ($5,000.00), provided, however, that in determining this value, existing encumbrances on such land and buildings, including taxes and all other liens, shall first be deducted from the actual value of such land and buildings.... (Emphasis added.)
It is my opinion that the intention of the legislature is best ascertained by the language it used in writing a statute. I note *1242 the words of the legislature in setting forth the exemption are: "... the quantity of land shall not exceed one hundred and sixty acres, nor the value thereof, inclusive of improvements, save as hereinafter provided, the sum of five thousand dollars ($5,000.00)... ." (Emphasis added.) This unambiguous language signifies, I think, that the legislature intended the exemption to include no more than 160 acres of land of a value of no more than $5000.
An examination of the case of Hendry v. Hendry, 300 So.2d 147 (Miss. 1974), relied upon by the majority in establishing the exemption to be 160 acres, by its very terms indicates that it was based upon the rights of a surviving widow. The terms are: "The rule in this state is that the value of land claimed as homestead is neither to be considered nor is it material in determining the rights of a surviving widow in regard to a homestead claim." The cases cited therein, Horton v. Horton, 210 Miss. 116, 48 So.2d 850 (1950); Dickerson v. Leslie, 94 Miss. 627, 47 So. 659 (1909); and Moody v. Moody, 86 Miss. 323, 38 So. 322 (1905), make this abundantly clear because each of them was concerned directly with lands subject to the occupancy of a surviving widow as a cursory examination will reveal.
The present issue, as I view it, is the quantity of land conveyed by the deed of Robert L. Stockett, Sr. to his son in 1964. This question should be determined, in my opinion, at the time the deed was delivered. In Lee v. Duncan, supra, we held:
... [T]he pro tanto validity of the mineral deed must be determined as of the time of its execution in 1936. And R.M. and Daisy Duncan can assert the invalidity of the deed only as to the statutory homestead, defined as "not to exceed 160 acres in area, nor $3000 in value." (220 Miss. at 244, 70 So.2d at 619)
I therefore dissent from the majority because I think the "homestead exempted from execution" should be determined in accord with the plain terms of the statute at the time the deed was delivered. The question here is the amount of land conveyed to the grantee in excess of the homestead exemption, a different situation from a widow's right of occupancy. The incongruity of the cases is that the exemption relating to a "conveyance" in Section 89-1-29 is measured in acres thereby writing out "value" limitations of Section 85-3-21 though maintaining the "value" measurement for mortgages, deeds of trust or other encumbrances" in Section 89-1-29 though each of the terms, "conveyances, mortgages, deeds of trust or other encumbrances" has equal dignity in the statute as written by the legislature.
I would sustain the petition for rehearing.