KING, P.J.,
for the Court:
¶ 1. The Lamar County Chancery Court declared a deed of trust executed by Clarence Thurman, Jr. in favor of his son, Charles Thurman, null and void and removed it as a cloud upon the title to mari *1016 tal property owned by Clarence and Linda Gail Thurman. The chancellor awarded Mrs. Thurman $32, 360.56 as her interest in the homestead property located in Hat-tiesburg, Mississippi, and awarded her $1,000 in attorney fees. Aggrieved by this decision, Mr. Thurman has appealed and raised the following issue: whether the trial court abused its discretion and erred in adjudicating as invalid a deed of trust issued by appellant in favor of a third party, removing it as a cloud upon appel-lee’s title, and in awarding appellee an interest in the marital homestead property and attorney’s fees.
FACTS
¶ 2. Clarence and Linda Thurman were married on March 12, 1987, in Forest County, Mississippi. The couple lived together as husband and wife until their separation on May 3, 1993. Mr. Thurman filed a complaint for divorce the same day alleging habitual cruel and inhuman treatment or alternatively, irreconcilable differences. The complaint stated that the couple separated on May 3, 1993. In her cross-complaint for divorce, Mrs. Thurman alleged habitual cruel and inhuman treatment or, alternatively, irreconcilable differences. The cross-complaint also identified the date of separation as May 3, 1993.
¶ 3. Mr. Thurman filed a financial disclosure as required by Unif. Ch. Ct. R. 8.05. Mrs. Thurman discovered in reading this financial statement that Mr. Thurman, on April 26, 1993, had executed a deed of trust on the marital homestead in favor of his son Charles. Mrs. Thurman filed a petition to remove cloud to title, alleging that the document did not include her signature, as required by Miss Code Ann. § 89-1-29 (1972). The chancellor found that this deed of trust was executed on homestead property, prior to separation, and pursuant to § 89-1-29, was invalid without the signature of both spouses. He therefore held the deed of trust invalid and ordered that the equity in the home be divided equally between the Thurmans.
ANALYSIS
¶ 4. Miss.Code Ann. § 89-1-29 (1972) states that “[a] conveyance, mortgage, deed,of trust or other incumbrance upon a homestead exempted from execution shall not be valid or binding unless signed by the spouse of the owner if the owner be married and living with the spouse.” See also Merchants National Bank, Vicksburg v. Southeastern Fire Insurance Co., Inc., 751 F.2d 771, 778 (5th Cir.1985); Gardner v. Cook, 173 Miss. 244, 158 So. 150, 152 (1934) (holding that homestead statutes are to be construed sensibly, but liberally in favor of the exemptionists). The requirement that the owner be living with the spouse is essential in determining whether encumbered property is a homestead. Hendry v. Hendry, 300 So.2d 147, 149 (Miss.1974). To constitute a homestead there must be actual occupation and use of the premises as a home for the family. Tanner v. Tanner, 111 Miss. 460, 71 So. 749, 750 (1916). Both Mr. and Mrs. Thurman acknowledged that they lived together past the date of execution for this deed of trust.
¶ 5. On April 26, 1993, Mr. Thurman executed a deed of trust on the marital homestead to his son Charles without Mrs. Thurman’s signature. The Thurmans continued to live together as husband and wife until May 3, 1993. On this same date, Mr. Thurman filed a complaint for divorce against Mrs. Thurman. That complaint identified May 3, 1993 as the date the parties separated. Mr. Thurman again conceded this fact in response to Mrs. Thurman’s cross-complaint for divorce and in the property settlement agreement.
¶ 6. The validity of a deed of trust is judged by the circumstances existing at the time of its execution. Hughes v. Hahn, 209 Miss. 293, 46 So.2d 587, 590 (1950). Because Mr. Thurman executed the deed of trust while married to and living with Mrs. Thurman without obtaining her signature, we affirm the chancery court in holding the deed of trust invalid. *1017 Miss.Code Ann. § 89-1-29 (1972). See also Craddock v. Brinkley, 671 So.2d 662, 665 (Miss.1996).
¶ 7. The award of attorney fees in a domestic relations case is within the discretion of the chancellor. Varner v. Varner, 666 So.2d 493, 498 (Miss.1995). The chancellor awarded Mrs. Thurman merely a portion of her attorney fees. Where the attorney fees are necessitated by the fraudulent act of a former spouse, this Court cannot say the chancellor abused his discretion in awarding them. Pittman v. Pittman, 652 So.2d 1105, 1111—12 (Miss.1995).
¶ 8. THE JUDGMENT OF THE LAMAR COUNTY CHANCERY COURT SETTING ASIDE A DEED OF TRUST IN FAVOR OF THE APPELLEE IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. APPELLANT IS TAXED WITH ALL COSTS OF THIS APPEAL.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.