COLEMAN, Justice,
for the Court:
¶ 1. At issue in the instant case is the interpretation of Mississippi Code Section 11-21-1(2) (Rev.2004); particularly whether the statute, which limits partition of homestead property “exempted from execution” and owned by spouses to partition by agreement only, prohibits one spouse from obtaining a partition of jointly owned property by chancery decree against the other. As more fully detailed below, the issue is the meaning of the phrase “exempted from execution.” The chancellor held that Section 11-21-1 wholly prohibits the partitioning of spousal property by chancery decree, even to the extent that the property has a value greater than the $75,000 protected from creditors. Finding no error, we affirm.
Facts and Procedural History
¶ 2. Elise and Frank Noone are married, and they jointly own approximately sixty-seven acres of land in Copiah County as joint tenants with right of survivorship. Frank and Elise claim their homestead exemption on said property. Elise filed for divorce on the ground of habitual cruelty and inhuman treatment, but the chancellor denied the divorce following a trial in February 2011.
¶ 3. Following the divorce action, Elise filed a complaint for declaratory judgment seeking a determination that the Chancery Court of Copiah County had the power to partition the Noones’ property and asking the chancellor to partition the property. Elise then filed a motion for summary judgment, arguing that Mississippi Code Section 11-21-1(2) did not prevent the partition of the Noones’ homestead property, at least to the extent that the value of the property exceeded $75,000 (the maximum amount of the homestead exemption). Frank responded that Section 11-21-1(2) barred partition of their homestead property by chancery decree. The chancellor denied Elise’s motion for summary judgment and, finding it dispositive on the issue of requested partition of the property, he ordered that the property would not be partitioned. Elise timely filed the present appeal.
*195 Discussion
¶ 4. A chancery court’s grant or denial of a motion for summary judgment is reviewed under a de novo standard. In re Guardianship of Duckett, 991 So.2d 1165, 1173 (¶ 15) (Miss.2008) (citing Anglado v. Leaf River Forest Prods., Inc. 716 So.2d 543, 547 (Miss.1998)). Additionally, statutory interpretation is a matter of law, which the Court reviews de novo. Franklin Collection Serv., Inc. v. Kyle, 955 So.2d 284, 287 (¶ 8) (Miss.2007) (citing Wallace v. Town of Raleigh, 815 So.2d 1203, 1206 (¶ 7) (Miss.2002)).
¶ 5. Elise asserts that the chancellor erred in denying her motion for summary judgment because he incorrectly interpreted Section 11-21-1. She also asserts that the statute is invalid and unenforceable because it is against the public policy favoring the alienability of land.
A. Whether the chancellor correctly interpreted Section 11-21-1.
¶ 6. Typically, when one eo-owns property as a joint tenant, he or she has the right to partition property in one of two ways: (1) by chancery decree pursuant to Mississippi Code Section 11 — 21—3,[1] or (2) by written agreement of the owners pursuant to Section 11-21-1(1). Section 11-21-1(2) provides that homestead property co-owned by spouses can be partitioned only by written agreement of the parties and not by chancery decree as provided in Section 11-21-3. Section 11-21-1, which was amended in 2009 to add subsection (2), provides:
(1) Partition of land held by adult joint tenants, tenants in common, and copar-ceners, may be made by agreement, which shall be evidenced by a writing, signed by the parties, and containing a description of the particular part allotted to each, and recorded in the office of the clerk of the chancery court of the proper county or counties, and shall be binding and conclusive on the parties. They may also bind themselves by written agreement to submit the partition to the arbitrament of one or more persons to be chosen by them, and to abide the partition made by the arbitrators and the articles of submission; and the written award shall be recorded in the office of the clerk of the chancery court of the proper county or counties, and shall be final and conclusive between the parties, unless made or procured by fraud.
(2) Homestead property exempted from execution that is owned by spouses shall be subject to partition pursuant to the provisions of this section only, and not otherwise.
Miss.Code Ann. § 11-21-1 (Supp.2013).
¶ 7. Elise maintains that, by using the phrase “homestead property exempted from execution,” the Legislature meant specifically to incorporate Section 85-3-21, the homestead exemption statute. Section 85-3-21 allows one to hold up to $75,000 worth of his or her homestead property exempt from execution by creditors. Miss. Code Ann. § 85-3-21 (Rev.2011). Creditors can access the value of homestead exempted property that exceeds $75,000. Id. Elise’s primary argument is that Section 11-21-1(2) applies only to the extent that the property is actually exempt from execution. In other words, she contends that the law applies the same way to spouses seeking to partition land by decree as to creditors-the law creates a limit on homestead property exempt from execu *196 tion, and that limit is applicable in all situations where homestead property is invoked. If she were correct, because the Noones’ property is valued at more than $600,000, Elise would still be able to partition the large majority of the property.
¶ 8. The issue, in the narrowest sense, is the interpretation of the phrase “homestead property exempted from execution.” Miss.Code Ann. § 11-21-1(2) (Supp.2013). When the meaning of a statute is plain and unambiguous, “the court should simply apply the statute according to its plain meaning and should not use principles of statutory construction.” City of Natchez, Miss. v. Sullivan, 612 So.2d 1087, 1089 (Miss.1992) (citations omitted). The potential meanings of “homestead property exempted from execution” are two: (1) the phrase could mean that the entire homestead property is under the ambit of Section 11-21-1, and therefore partition must be by written agreement of the owners; or (2) the phrase could mean that Section 11-21-1 applies only to the $75,000 that is exempt from execution by creditors under Section 85-3-21.
¶ 9. If the interpretation of that phrase were a true matter of first impression for the Court, then the latter reading might be plausible. However, in similar contexts, the Court has restricted the meaning of “homestead property exempted from execution” to the former. See Hendry v. Hendry, 300 So.2d 147, 148 (Miss.1974) (“Homestead value is relevant only in considering the claims of creditors in relation to the homestead upon which exemption is claimed.”); accord Stockett v. Stockett, 337 So.2d 1237, 1240 (Miss.1976). Hendry and Stockett have foreclosed any ambiguity. Therefore, in the instant case, the Court is tasked with nothing more than applying the logic underlying Hendry and Stockett.
¶ 10. In Hendry v. Hendry, a husband sold homestead property without obtaining his wife’s approval. Hendry, 300 So.2d at 148. Pursuant to Mississippi Code Section 89-1-29 (Rev.2011), a conveyance so made cannot be upheld. Section 89-1-29 provides, generally, that a conveyance of a “homestead exempted from execution” is not valid or binding unless signed by the owner’s spouse. Id. The Hendry Court held the value limitation on homestead property relevant only to creditors. Hendry, 300 So.2d at 149. Therefore, the law voided the entire conveyance-not just the portion subject to exemption from creditors. Id.
¶ 11. The Stockett Court discussed the issue even more explicitly. Stockett, 337 So.2d at 1239-41. In Stockett, the decedent left all of his property equally to his wife and son. Id. at 1238. The son tried to partition the homestead property of the widow (formerly owned by the decedent) but was denied because of Mississippi Code Section 91-1-23, which limits a devi-see’s right to partition a decedent’s “exempt property” occupied by the widow of the deceased. Id. The decedent’s son argued that Section 91-1-23 protected the property only to the extent the value equaled the amount exempt from execution. Stockett, 337 So.2d at 1239. The Court disagreed, holding that the limit found in Section 85-3-21 protects creditors, while Section 91-1-23 protects widows. Id. at 1240 — 41; see Miss.Code Ann. § 91-1-23 (Rev.2013). The Stockett Court wrote:
We have not varied in this interpretation of these statutes since 1905 when we said, in Moody v. Moody, 86 Miss. 323, 38 So. 322[, 323 (1905) ]: “The limit of value placed by law on the amount of land which can be held as exempt is solely for the protection and benefit of creditors-to prevent unreasonable amounts from being held exempt from execution to the prejudice of those to whom just debts might be due. But the question of value has no place in a con *197 sideration of the rights of the surviving widow to the use and occupancy of the homestead.... ”
Stockett, 337 So.2d at 1240.
¶ 12. Both Section 91-1-23 and Section 11-21-1 invoke the exemption from creditors found in Section 85-3-21. However, the reasoning employed by the Stockett Court applies to the case sub judice. Just as Section 91-1-23 protects widows from involuntary partition, Section 11-21-1 protects spouses from involuntary partition. Neither statute protects creditors. The phrase “homestead property exempt from execution” serves as a descriptive phrase identifying the property that one (or, in the instant case, a married couple) inhabits. As shown above, we repeatedly have held that the Legislature’s decision to use the phrase “homestead property exempt from execution” in other statutes identifies the specific type of property that the Legislature wants to protect. The phrase is not, as Elise argues, intended to bring the specific limitations on creditors’ rights to other, unrelated statutes.
B. Whether Section 11-21-1(2) is void as against the public policy favoring the alienability of land.
¶ 13. Elise also argues that Section 11-21-1(2) is invalid and unenforceable because it violates the public policy favoring the alienability of land. Frank responds that she failed to preserve the issue for appeal. Regardless, the point completely lacks merit. Legislative power is constitutionally vested in the Legislature. Miss. Const, art. 4, § 33 (1890). “[S]ection 33 was ‘a full grant of all the power that the state has of a legislative nature and includes the power to do any act that a legislature may do except such as are prohibited in other sections’ of the state and federal constitutions.” Jeffrey Jackson & Mary Miller, 8 Encyclopedia of Mississippi Law § 68:3, 48 (2001) (quoting George H. Ethridge, Mississippi Constitutions 159 (1928)). See also Hart v. State, 87 Miss. 171, 39 So. 523, 524 (Miss.1905). Although the Court has the power of judicial review, that power does not extend to invalidating statutes as against public policy. See Marshall v. State, 662 So.2d 566, 572 (Miss.1995) (holding that the power of judicial review does not extend beyond constitutional challenges).
Conclusion
¶ 14. Mississippi Code Section 11 — 21— 1(2) (Supp.2013) prohibits the partition of spousal homestead property by chancery decree. Additionally, Elise failed to show any way in which Section 11-21-1(2) is unconstitutional. Therefore, we affirm the judgment of the Chancery Court of Copiah County.
¶ 15. AFFIRMED.
WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE, AND KING, JJ., CONCUR.

. Section 11-21-3 provides, in pertinent part: "Partition of land held by joint tenants, tenants in common, or coparceners, having an estate in possession or a right of possession ... may be made by judgment of the chancery court of that county in which the lands or some part thereof, are situated....” Miss. Code Ann. § 11-21-3 (Rev.2004).