# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00402-COA

THERESA LAND                                                          APPELLANT

v.

MICHAEL LAND                                                          APPELLEE

DATE OF JUDGMENT:                 03/04/2021
TRIAL JUDGE:                      HON. JAMES CHRISTOPHER WALKER
COURT FROM WHICH APPEALED:        MADISON COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:           PAUL E. ROGERS
ATTORNEY FOR APPELLEE:            MACY DERALD HANSON
NATURE OF THE CASE:               CIVIL - REAL PROPERTY
DISPOSITION:                      AFFIRMED - 03/15/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE WILSON, P.J., LAWRENCE AND EMFINGER, JJ.

### EMFINGER, J., FOR THE COURT:

¶1.     After moving out of the marital residence and being denied a divorce by the Madison County Chancery Court, Theresa C. Land filed a complaint for the partition by sale of two parcels of real property that she jointly owned with her husband, Michael D. Land. One parcel was the marital residence, and the other parcel was commercial property. The chancellor granted the petition as to the commercial property but denied the request for relief for the residential property. Because the marital residence had been claimed as homestead property during the marriage and continued to be claimed as homestead property by Michael, who still resides at the residence, the chancellor found that Mississippi Code Annotated section 11-21-1(2) (Rev. 2019) prohibited the involuntary partition of such property by

chancery decree.

## FACTS AND PROCEDURAL HISTORY

¶2. Theresa and Michael were married on August 15, 1992. On May 20, 1993, the couple purchased the real property located at 21 St. Charles Place in Madison, Mississippi ("residential property"). They held title as joint tenants with the right of survivorship and not as tenants in common. Theresa and Michael built a house on the property, raised three children there, and claimed homestead exemption on the property during this period. On October 12, 2012, Michael conveyed to himself and Theresa, by quitclaim deed, as joint tenants with the right of survivorship and not as tenants in common, title to certain other real property in Madison County, Mississippi ("commercial property").

¶3. Theresa moved out of the marital residence around August 31, 2014. She filed for divorce on March 2, 2015. On October 22, 2019, the Madison County Chancery Court denied Theresa's complaint for divorce.

¶4. Shortly thereafter, on February 28, 2020, Theresa filed a complaint for partition by sale in the Chancery Court of Madison County, Mississippi. She named Michael and BankFirst Financial Services as defendants. On May 7, 2020, Theresa filed an amended complaint for partition by sale and asked that the chancery court require the residential and commercial properties to be sold and the proceeds divided.

¶5. A trial began on June 23, 2020. At that time, Michael still lived in the residential property and continued to claim homestead exemption on the property. At the close of Theresa's case-in-chief, Michael moved for a directed verdict. The chancellor took the

matter under advisement until the conclusion of the case. When it became clear that the matter could not be concluded that day, the chancellor granted Michael's motion for a dismissal pursuant to Mississippi Rule of Civil Procedure 41(b) as to the residential property, but the chancellor denied the motion as it related to the commercial property. The trial concluded on February 5, 2021. The "Findings of Fact and Conclusions of Law, Opinion and Final Judgment" was entered on March 4, 2021. The chancellor denied Theresa's request for a partition as it related to the residential property but granted her request to partition by sale as to the commercial property. Theresa appeals the chancellor's decision to deny her request for the partition by sale of the residential property. Neither party appealed the chancellor's decision as to the commercial property.

¶6. On appeal, Theresa argues that the chancellor erred by finding that the residential property was not subject to partition by sale without an agreement to do so by the parties. She contends that Mississippi Code Annotated section 11-21-1(2) and *Noone v. Noone*, 127 So. 3d 193 (Miss. 2013), which the chancellor relied on, do not support the chancellor's decision under the facts of this case. Theresa argues that because she has not lived in the residential property since 2014 and because she released any homestead interest she might have in the residential property, the chancellor erred when he found that the above authorities precluded the partition by sale of the residential property. Finding no error, we affirm.

## STANDARD OF REVIEW

¶7. In *Sims v. Mathis*, 192 So. 3d 1109, 1111 (¶7) (Miss. Ct. App. 2016), this Court said:

> For property-partition cases, the standard of review is whether the appellate court finds manifest error in the chancellor's decision. If so, the court will

3

reverse the chancellor's findings. *Georgian v. Harrington*, 990 So. 2d 813, 815-16 (¶7) (Miss. Ct. App. 2008) (citations omitted). Questions of law are reviewed de novo. *Fuller v. Chimento*, 824 So. 2d 599, 601 (¶7) (Miss. 2002).

## ANALYSIS

¶8.    Concerning the rights of co-tenants to the partition of jointly owned property, this Court said in *Mosby v. Mosby*, 962 So. 2d 119, 122 (¶8) (Miss. Ct. App. 2007):

> With one statutory exception, cotenants have an absolute right to partition of property. *Cheeks v. Herrington*, 523 So. 2d 1033, 1035 (Miss. 1988). "Possession, or the right of possession, in the tenants in common gives an absolute and unconditional right to partition however inconvenient it may be to make." *Id*. (citing *Barnes v. Rogers*, 206 Miss. 887, 893, 41 So. 2d 58, 60 (1949)). The statutory exception prevents a forced partition of the homestead property of a surviving spouse who is using and occupying the property. Miss. Code Ann. § 91-1-23 (Rev. 2004).

Another exception was created in 2009 when the Legislature amended Mississippi Code Annotated section 11-21-1 by adding a subsection (2), which now reads as follows:

> (1) Partition of land held by adult joint tenants, tenants in common, and coparceners, may be made by agreement, which shall be evidenced by a writing, signed by the parties, and containing a description of the particular part allotted to each, and recorded in the office of the clerk of the chancery court of the proper county or counties, and shall be binding and conclusive on the parties. They may also bind themselves by written agreement to submit the partition to the arbitrament of one or more persons to be chosen by them, and to abide the partition made by the arbitrators and the articles of submission; and the written award shall be recorded in the office of the clerk of the chancery court of the proper county or counties, and shall be final and conclusive between the parties, unless made or procured by fraud.
>
> (2) **Homestead property exempted from execution that is owned by spouses shall be subject to partition pursuant to the provisions of this section only, and not otherwise**.

(Emphasis added). The chancellor relied upon this new exception, and the *Noone* decision applying this new statutory provision, in finding that the residential property was not subject

to partition by sale. *Noone*, 127 So. 3d at 194 (¶1).

¶9.    In *Noone*, as in the case at bar, the wife was denied a divorce. *Id*. at (¶2). Following the denial, the wife filed a complaint seeking the partition of the property that she jointly owned with her husband and that they claimed as homestead property. *Id*. at (¶3). The wife argued that their homestead property was valued in excess of $600,000 and that the phrase "homestead property exempted from execution" used in Mississippi Code Annotated section 11-21-1(2) is limited to the $75,000 that is exempt from execution by creditors under section 85-3-21 (Rev. 2011). *Noone*, 127 So. 3d at 194 (¶3). The supreme court, citing *Hendry v. Hendry*, 300 So. 2d 147, 148 (Miss. 1974), and *Stockett v. Stockett*, 337 So. 2d 1237, 1240 (Miss. 1976), found that the $75,000 limitation on the homestead exemption was applicable only to actions by creditors against the homestead property. *Noone*, 127 So. 3d at 197 (¶12). The court found that section 11-21-1 protects spouses from the involuntary partition of homestead property by chancery decree. *Id*.

¶10.   Theresa's contention that the present case can be distinguished from *Noone* is without merit. She contends that the wife in *Noone* still resided at the homestead residence. While we see nothing in the *Noone* opinion that confirms that argument, we believe it is irrelevant. In the present case, there is no question that the residential property is "owned by spouses." Miss. Code Ann. § 11-21-1(2). Although not living together, Theresa and Michael are still married and jointly own the residential property that Michael claimed as homestead property.[1]

---

[1] Pursuant to Mississippi Code Annotated section 27-33-13(c) (Rev. 2017), Michael qualifies as a "head of a family" who may claim the residential property as his homestead

5

¶11. Theresa argues that because she does not live in the residence, she cannot claim the homestead exemption for the residence, and therefore the residence would be subject to the claims of her creditors without the homestead limitation. As noted above, whether Theresa may claim the homestead exemption on the property is irrelevant. Again, any creditors' claims are not at issue here. Based upon *Noone*, how much or how little of the homestead property may be subject to the claims of Theresa's creditors does not affect the prohibition against the involuntary partition of the homestead property pursuant to Mississippi Code Annotated section 11-21-1(2).

## CONCLUSION

¶12. The chancellor found that pursuant to *Noone* and Mississippi Code Annotated section 11-21-1, the residential property in this case, which is still claimed as homestead property by Michael, may be partitioned only by written agreement of the parties and not by a chancery court decree as provided by Mississippi Code Annotated section 11-21-3 (Rev. 2019). The chancery court found, as did the court in *Noone*, that section 11-21-1 was enacted to protect a spouse from an involuntary partition of homestead property. Accordingly, the complaint for partition by sale as to the residential property was denied. Finding no error, we affirm.

¶13. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR.**

---

because even though he is living apart from his wife, he occupied the residential property at the time of the separation.

6