## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2023-CA-00650-COA

**SHARON RICHARDSON**                                                      **APPELLANT**

v.

**THE ESTATE OF THOMAS JAMES**                                    **APPELLEES**
**RICHARDSON, SR., LILLIE RICHARDSON,**
**THOMAS JAMES RICHARDSON, JR., TOCHA**
**RICHARDSON NDAO, SAMUEL RICHARDSON,**
**ANTONIO RICHARDSON AND ISAIAH**
**THOMAS RICHARDSON**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/18/2023 |
| TRIAL JUDGE: | HON. J. DEWAYNE THOMAS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | KENYA REESE MARTIN |
| ATTORNEY FOR APPELLEES: | MEL J. BREEDEN JR. |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED - 08/20/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., SMITH AND EMFINGER, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     In 2022, Sharon Richardson filed a petition to confirm title in the Hinds County Chancery Court against the heirs of her deceased ex-husband, Thomas J. Richardson Sr. In the petition, Sharon sought to enforce two liens she had filed against real property owned by Thomas in satisfaction of alleged monies owed from the couples' 2004 divorce judgment. The respondents ("the Estate") moved for summary judgment, claiming there was no enrolled monetary judgment to provide a basis for the liens. The chancery court granted the Estate's motion for summary judgment and expunged the liens from the county's records. Sharon

appeals from the court's judgment. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. Sharon and Thomas were divorced on May 5, 2004. In the chancery court's judgment of divorce, Sharon was granted child support of $175 per month, title to a 1996 Pontiac Grand Prix automobile, and nineteen head of cattle valued at $850 each. Sharon appealed the judgment, which this Court affirmed in part. *Richardson v. Richardson*, 912 So. 2d 1079, 1083 (¶10) (Miss. Ct. App. 2005). We determined, however, that Sharon was entitled to only thirteen head of cattle, and we reversed the judgment in part and remanded "with instructions to determine a more concrete value for the individual cattle, and to then award Sharon cattle equal to one-third of the value of the herd, or if necessary, to direct that the herd be sold, and Sharon be awarded one-third of the proceeds of the sale." *Id*. at 1082 (¶7).[1] However, the record does not show that the chancery court made any further rulings on the matter.

¶3. Sixteen years later, on December 3, 2021, Sharon filed two notices of liens with the chancery court against two parcels of real property Thomas owned, allegedly in satisfaction of monies owed to Sharon from the 2004 divorce judgment. The stated amount of the lien for each property was $99,869.54. Thomas died shortly thereafter;[2] so Sharon filed a petition to confirm title against the Estate on January 19, 2022, "seeking legal title to the two (2)

---

[1] We also instructed the chancery court to clarify its ruling concerning the award of thirty-four acres of timberland property. *Richardson*, 912 So. 2d at 1082 (¶8).

[2] Although the precise date of Thomas's death is not in the record, Sharon attached a copy of a service leaflet to her petition showing that Thomas's funeral service was held on December 18, 2021. Sharon's brief also states that Thomas died days after the liens were filed.

subject parcels of real property based upon the two (2) liens asserted in this matter." The Estate counterclaimed that (1) because there was no legal basis or statutory authority for the liens, the liens should be expunged from the chancery clerk's records; and (2) Sharon's petition was "frivolous and without substantial justification."

¶4.     On October 19, 2022, the Estate filed a motion for summary judgment, claiming (1) Sharon failed to show she did not receive the automobile; (2) there was no judgment from the chancery court on remand regarding the value of the cattle (as ordered by this Court); (3) there had been no "adjudication of past due child support"; and (4) that even if a judgment lien existed, it had expired under statutory law, *see* Miss. Code Ann. § 15-1-47 (Rev. 2019). Sharon filed a response and her own motion for summary judgment. The chancery court held a hearing on February 16, 2023. Sharon's attorney argued that Sharon was owed $99,869.54 according to the lien ($15,000 for the Grand Prix, $5,000 in unpaid child support, $16,150 for the cattle, and $58,301.84 in interest). The Estate's attorney asserted that there had been no judgment enrolled in Hinds County.

¶5.     The chancery court issued an order granting summary judgment in favor of the Estate on March 7, 2023. Noting that the divorce judgment referenced in Sharon's petition "was not enrolled in the Hinds County land roll judgments," the chancery court concluded that Sharon had "failed to establish any statutory or common law basis for the asserted liens herein." Sharon filed a motion to reconsider, arguing for the first time that this Court's mandate in *Richardson* created a debtor-creditor relationship between Thomas and Sharon; therefore, a lien was created under Mississippi Code Annotated section 85-7-261 (Rev.

3

2021).[3]  Sharon also claimed that the chancery clerk's office was responsible for enrolling the judgment under Mississippi Code Annotated section 11-7-189 (Rev. 2019).  The Estate noted in its response, however, that section 11-7-189 "outlines the procedure imposed on the circuit clerk to enroll a judgment when a judgment is rendered in circuit (or county) court at the close of the term of circuit (or county) court"; the statute does not address chancery court practice.

¶6.     After a hearing, the chancery court denied the motion to reconsider on May 16, 2023.  In its order, the court determined that section 85-7-261 was "inapplicable as the liens asserted by [Sharon] are not those 'created and mentioned'" under the statute and because "[t]he cited code section does not address a judgment lien or a lien purportedly based on a divorce decree."  The court further found that Sharon "failed to establish any properly enrolled judgment upon which her liens may be predicated; there are no disputed material facts that would alter this finding of law."

¶7.     The chancery court entered a final judgment on May 18, 2023, dismissing Sharon's petition to confirm title with prejudice, granting the Estate's counterclaims in part, and expunging the notices of liens from the county land records.  Sharon appeals from the

---

[3] Section 85-7-261 (lien creation) provides:

> Unless otherwise expressly provided, the liens created or mentioned in this chapter shall exist by virtue of the relation of the parties, and without any writing, or if in writing, without recording; and the rights and liens conferred may be asserted and enforced by the assigns and personal representatives of the lienor.

Miss. Code Ann. § 85-7-261.

chancery court's final judgment.

## STANDARD OF REVIEW

¶8.     A trial court's decision to grant or deny summary judgment is subject to de novo review. *Noone v. Noone*, 127 So. 3d 193, 195 (¶4) (Miss. 2013). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Smith v. Dodd*, 328 So. 3d 772, 774 (¶9) (Miss. Ct. App. 2021) (citing M.R.C.P. 56(c)).

## DISCUSSION

¶9.     Sharon argues that the chancery court's decision to grant summary judgment "is flawed in two aspects:" the court failed (1) to consider this Court's opinion in *Richardson* "as a final judgment"; and (2) "to conduct an evidentiary hearing to properly consider the legality of Sharon's liens." Summarily, Sharon contends that our mandate "created a debtor-creditor relationship, which authorized the liens filed by Sharon in this matter."

¶10.    In *Richardson*, our Court affirmed in part and remanded in part the chancery court's final judgment for further proceedings regarding the value of the cattle award. There is nothing in the record demonstrating that those proceedings ever took place (as Sharon acknowledged). The Mississippi Supreme Court has held,

> From time immemorial, we have adhered to the basic and elementary rule that our appellate affirmance ratifies, confirms, and declares that the trial court judgment was correct as if there had been no appeal. Upon issuance of our mandate, the trial court simply proceeds to enforce the final judgment. The execution of the mandate of this Court is purely ministerial.

*Collins v. Acree*, 614 So. 2d 391, 392 (Miss. 1993). Furthermore, as our disposition was not to affirm but to reverse and remand (in part), there was no final "order" created by our mandate. Therefore, we find no merit to Sharon's argument that our mandate created a debtor-creditor relationship between Thomas and Sharon.

¶11.    Even were we to accept Sharon's argument that our mandate somehow had the "legal effect" of an enrolled judgment, her claim would be barred by the statute of limitations. Mississippi Code Annotated section 15-1-47 provides in part:  "A judgment or decree rendered in any court held in this state shall not be a lien on the property of the defendant therein for a longer period than seven years from the rendition thereof, unless an action be brought thereon before the expiration of such time."  Sharon filed her liens in 2021, sixteen years after our mandate was issued.  She claims that because the chancery court never ruled on the cattle valuation issue, the statute of limitations was tolled.  However, as the Estate notes, "Sharon never pursued any action . . . seeking a determination of any amounts due from Thomas to Sharon" as a result of this court's ruling.

¶12.    As to the second issue, there is no evidence of an enrolled monetary judgment that would provide the basis for the liens on Thomas's real property.  *See* Miss. Code Ann. § 11-7-197 (Rev. 2019) (providing that a judgment "shall not be a lien upon or bind the property of the defendant within the county in which such judgments or decrees may be rendered, until an abstract thereof shall be filed in the office of the clerk of the circuit court of the county and enrolled on the judgment roll").  Furthermore, the cited statutory authority to support Sharon's argument that her liens were valid—Mississippi Code Annotated section 11-7-

6

189—is not applicable to chancery court practice and procedure. *See supra* ¶5.

¶13.    Viewing the evidence in the light more favorable to Sharon as the non-movant, we find no triable issues of fact.  Accordingly, we affirm the chancery court's final judgment.

¶14.    **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**